**Don CHAPMAN, d/b/a Don Chapman Motor Sales, Appellant,**

v.

**Alice MILLER, Appellee.**

**No. 8137.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 16, 1978.

Rehearing Denied Dec. 14, 1978.

William R. Travis, Austin, for appellant.

Gray B. Jolink, Austin, for appellee.

KEITH, Justice.

Defendant below appeals from an adverse judgment rendered in a bench trial of a suit brought under the Texas Consumer Credit Code, Chapters 7 and 8,[1] and the

---

1. *Tex.Rev.Civ.Stat.Ann. arts. 5069–7.01 through 5069–7.10 and 5069–8.01 through 5069–8.06 (1971), as amended (Supp.1978).* All statutory references hereinafter will refer to the articles in the Code and to the subsections herein noted unless otherwise indicated.

Federal Truth in Lending Act and Regulation Z promulgated thereunder.[2]

Plaintiff entered into a retail installment contract with Don Chapman Motor Sales for the purchase of a used automobile. The contract provided for a down payment of $200, six weekly payments of $25, and eighteen monthly payments of $70.47. Plaintiff made the down payment and the six weekly payments without too much difficulty. The next five monthly installments were accepted even though they were late; but, when the March 1975 payment became overdue, defendant repossessed the car notifying plaintiff that the entire balance was then due and payable. When plaintiff did not pay the balance due, defendant sold the car and determined that plaintiff was entitled to a refund of $19.69. Before the refund was made, plaintiff brought this suit alleging several violations of the cited statute and regulation. The trial court agreed and awarded damages, plus attorney's fees, and the appeal is predicated upon nineteen points of error.

■ We do not find it necessary to discuss each of the points brought forward. While it has been said that judicial nitpicking "has been mandated as the order of the day"[3] in transactions involving consumer credit, a finding of one violation of state law and one of the federal regulation is sufficient to trigger the recovery of the statutory damages under the Texas Code, TILA, and Regulation Z. *15 U.S.C.A. § 1640(g); Art. 5069–8.01(g).* Consequently, we discuss only those points which directly affect the judgment to be entered in this cause.

### 1. *Violation of Federal Regulation*

In point of error three, defendant complains that the trial court erred in conclusion of law number 14 by holding that his contract violated *12 C.F.R. § 226.8(a)(1)* because the description of the security interest is not on the same side of the paper as the buyer's signature.

■ The cited section requires that all disclosures which must be made thereunder be made together on:

"(1) The note or other instrument evidencing the obligation on the same side of the page and above or adjacent to the place for the customer's signature; or

"(2) One side of a separate statement which identifies the transaction."

Defendant chose to make his disclosures on the retail credit contract. However, he failed to put all the required disclosures on one side of the contract above plaintiff's signature, *i. e.*, the description of his retained security interest is located on the reverse side of the contract. Relying upon the language found in *Southwestern Inv. Co. v. Mannix*, 557 S.W.2d 755, 765–766 (Tex.1977), we are of the opinion that the trial court correctly found a violation of Regulation Z.

Defendant claims that he did not have to make all required disclosures on the front side because of the Interpretive Ruling of the Federal Reserve Board, *12 C.F.R. § 226.801*, which allows the required disclosures to be made on both sides of a combination contract and security agreement. This interpretation, however, has a caveat:

"*Provided,* That the amount of the finance charge and the annual percentage rate shall appear on the face of the document, and, if the reverse side is used, the printing on both sides of the document shall be equally clear and conspicuous, both sides shall contain the statement, 'NOTICE: See other side for important information,' *and the place for the customer's signature shall be provided fol-*

---

**2.** The Federal Act is to be found in *15 U.S.C.A. §§ 1601–1665 (1974), as amended (Supp.1978),* and it will be mentioned hereafter as "TILA". Regulation Z, promulgated by the Federal Reserve Board, is to be found in *12 C.F.R. §§ 226.1–226.12*, and references to Regulation Z will refer to the sections therein noted unless otherwise indicated.

**3.** See *Ford Motor Credit Co. v. Blocker*, 558 S.W.2d 493, 499 (Tex.Civ.App.—El Paso 1977, writ ref'd n. r. e.), and *Casillas v. Gov't Emp. Credit Union, etc.*, 570 S.W.2d 57, 59, fn. 1 (Tex.Civ.App.—El Paso 1978, writ ref. n. r.e.).

*lowing the full content of the document."* (latter emphasis added)

■ The space provided for the plaintiff's signature is on the front page of the contract only and does not follow "the full content of the document." Therefore, defendant has violated *Section 226.801. McDonald v. Savoy,* 501 S.W.2d 400, 406 (Tex. Civ.App.—San Antonio 1973, no writ).

Defendant rationalizes that his notices at the top and bottom of the front side allow him to incorporate by reference all disclosures and conditions from the reverse side into the front side above the signature. The notice at the top of the page provides:

"BUYER HAS ELECTED TO PURCHASE FROM SELLER SUBJECT TO THE TERMS AND CONDITIONS AS SET FORTH BELOW AND UPON THE REVERSE SIDE HEREOF, THE FOLLOWING DESCRIBED MOTOR VEHICLE, WHICH BUYER HAS THOROUGHLY INSPECTED AND WHICH MEETS WITH BUYER'S APPROVAL IN ALL RESPECTS:"

The notice at the bottom of the page provides: "NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION, ALL TERMS OF WHICH ARE HEREBY INCORPORATED BY REFERENCE." However, this notice was below plaintiff's signature.

The Truth in Lending Act was enacted and Regulation Z was issued "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit. . . ." *15 U.S.C.A. § 1601; 12 C.F.R. § 226.1(a)(2)*; accord, *Mourning v. Family Publications Service, Inc.,* 411 U.S. 356, 363–368, 93 S.Ct. 1652, 36 L.Ed.2d 318, 326–329 (1973); *Thomas v. Myers-Dickson Furniture Co.,* 479 F.2d 740, 741–742 (5th Cir. 1973). Their provisions are detailed and explicit.

■ As noted in *Charles v. Krauss Co., Ltd.,* 572 F.2d 544, 546 (5th Cir. 1978):

"Moreover, liability flows from even minute deviations from the requirements of the statute and of Regulation Z. The statute aims to assure a meaningful disclosure of credit terms so that consumers may shop comparatively for credit . . .."

See also *Pennino v. Morris Kirschman & Co., Inc.,* 526 F.2d 367, 370 (5th Cir. 1976); *Powers v. Sims and Levin Realtors,* 396 F.Supp. 12, 17, 20 (E.D.Va.1975), aff'd in part & rev'd in part on other grounds, 542 F.2d 1216 (4th Cir. 1976). Therefore, the defendant may not escape liability by means of incorporation by reference. The line provided for plaintiff's signature should have been at the end of the contract; her signature so located would show that she knew to read the entire contract—front and back—for all important provisions before signing it. The fact that she did not read any of the contract is immaterial.

### 2. *Violation of State Law*

■ In his eighth point of error, defendant contends that the trial court erred in conclusion of law number 30 by holding that he violated *Article 5069–7.01* by disclosing the sales tax as "official fees" in the contract.

Subsection (g) of the cited statute defines "official fees" as "the amount of the fees prescribed by law for filing, recording or otherwise perfecting and, in addition, for releasing or satisfying a retained title, lien or other security interest created in connection with a retail installment transaction." Clearly, sales tax does not fit within the definition of an "official fee". See *Smith v. Chapman,* 436 F.Supp. 58, 64 (W.D.Tex. 1977). The trial court's finding of a violation of the state law is affirmed.

### 3. *Finance Charge and Statutory Penalty*

■ In defendant's point of error sixteen and plaintiff's crosspoint one, both parties contend that the trial court erred in conclusion of law number 16 by holding that the finance charge in this transaction was $326.99. Defendant claims the finance charge was $199.99, while plaintiff claims it was $423.46. We disagree with both parties.

*Section 226.4 of 12 C.F.R.* gives instructions on how to determine a finance charge. Applying these rules to the contract before us, we hold that the finance charge is the sum of the time price differential and the official fees, or $249.04. We are not required to include the premiums for property insurance, credit life insurance, or health and accident insurance in the finance charge because defendant has satisfied the caveats of *§§ 226.4(a)(5) and (6)*.

In his point of error number seventeen, defendant contends the trial court erred in conclusion of law number 15 by awarding damages of $653.98 for violations of Regulation Z. We agree. The applicable statutory penalty set out in *15 U.S.C.A. § 1640(a)* includes twice the amount of the finance charge, plus court costs and reasonable attorney's fees. See *Grant v. Imperial Motors,* 539 F.2d 506, 510–511 (5th Cir. 1976); *Thomas v. Myers-Dickson Furniture Co.,* supra 479 F.2d at 746. In the present case, the proper statutory penalty would have been twice of $249.04, or $498.08, plus court costs and reasonable attorney's fees. Point of error seventeen is sustained.

We have reviewed the remaining points in appellant's brief and find none which, if sustained, would require a rendition of the judgment; and, as indicated above, having found at least one violation of state law and federal regulation, our discussion of the other points of error would not affect the judgment of modification and affirmance which we order. Consequently, no further mention will be made of such other points of error.

The judgment of the trial court is reformed so that the plaintiff will recover of and from the defendant the sum of $498.08 for the violation of Regulation Z instead of the excessive amount of $652.98 mistakenly awarded by the trial court; and, as reformed, the judgment is Affirmed.