Ray YATES et al., Appellants,

v.

MOBILE AMERICA SALES CORPORA-
TION et al., Appellees.

No. 8257.

Court of Civil Appeals of Texas,
Beaumont.

April 26, 1979.

Rehearing Denied May 31, 1979.

Jon B. Burmeister, Port Arthur, for appellants.

Frank M. Lamson, Port Arthur, F. Walter Conrad, Jr., Houston, J. B. Whittenburg, Beaumont, David B. Bonham, Nederland, for appellees.

DIES, Chief Justice.

This case stems from the purchase of a repossessed 1974 Holiday Mobile home from Mobile America Sales Corp. on February 12, 1977. Credit on the sale was carried by Ford Motor Credit Co. Ray Yates and wife had not established good credit; so, Mrs. Yates's father, James Humble, signed the contract. The purchase price was $10,-836.49, and the Yateses made a down payment of $1,200.

Appellants, plaintiffs below, James Humble, Hilda and Ray Yates, brought an action

to recover money damages against appellees Mobile America Sales Corp. (Mobile America) and Ford Motor Credit Co. (Ford) for violations of the Texas Consumer Credit Code, *Tex.Rev.Civ.Stat.Ann. art. 5069–7.01 et seq.* (Vernon 1971), and a violation of the Truth in Lending Act, Federal Consumer Credit Protection Act, *15 U.S.C.A. §§ 1601 et seq.* (1974) and Regulation Z, *12 C.F.R. §§ 226.1 et seq.*

An additional cause of action for alleged violations of the Consumer Protection Act was severed prior to trial, and appellants were awarded $10,000.

On September 1, 1978, the parties proceeded to a nonjury trial on the other issues, and a final judgment was entered that the plaintiffs take nothing. It is from this judgment plaintiffs appeal. Findings of Fact and Conclusions of Law were filed.

■ Appellants have numerous evidentiary points attacking Findings of Fact and Conclusions of Law which take this case out of the Consumer Credit Act, *Tex.Rev.Civ. Stat.Ann. art. 5069–7.01(a)* (Vernon 1971). *Article 5069–7.01(a)* of that Act provides:

" 'Motor vehicle' means and is limited to any automobile mobile home, truck, truck tractor, trailer, semi-trailer and bus designed and used primarily to transport persons or property on a public highway, excepting however . . . any . . machinery not designed primarily for highway transportation, but which may incidentally transport persons or property on a public highway."

Plaintiffs testified that no persons were ever transported in this mobile home. Ms. Howard, accountant for Mobile America, testified that this was a residence, and not a camper trailer, and that it would take a truck to move it from place to place. We hold that this mobile home is excluded from the above statutory definition and therefore overrule all points directed to the court's Findings of Fact and Conclusions of Law concerning whether appellants had a cause of action under the Texas Consumer Act, *Tex.Rev.Civ.Stat.Ann. art. 5069–7.01 et seq.* (Vernon 1971).

■ Appellants also complain of stipulation 19 on the back of the contract where there was no signature line (it being on the front of the contract), citing us *Chapman v. Miller,* 575 S.W.2d 581 (Tex.Civ.App.—Beaumont 1978, writ filed January 18, 1979).

Paragraph 19 on the back of this contract reads:

"19. Default . . . Seller shall have the right to declare all amounts due or to become due hereunder to be immediately due and payable and seller shall have the right to repossess the property wherever the same may be found with free right of entry and to recondition and sell the same at public or private sale. . . . Any personalty in or attached to the property when repossessed may be held by seller without liability and buyer shall be deemed to have waived any claim thereto unless written demand by certified mail is made upon seller within twenty-four hours after repossession. Buyer agrees to pay . . . other expenses incurred by seller in effecting collection, repossession or sale hereunder."

Regulation Z is violated unless all required truth-in-lending disclosures appear above the buyer's signature on the contract. In *Chapman v. Miller,* supra, the signature line was on the front page, but the required disclosures of retained security interest were on the back. In the case at bar, the information on the back of the contract does not constitute "meaningful information with respect to the cost of credit" (Regulation Z), and therefore it is not one of the disclosures required by the Truth in Lending Act. This, as well as all of appellants' points, is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.