**Ray YATES et al., Petitioner,**

v.

**MOBILE AMERICA SALES CORPORA-
TION and Ford Motor Credit
Company, Respondents.**

No. B–8589.

Supreme Court of Texas.

Oct. 31, 1979.

Rehearing Denied Jan. 16, 1980.

Provost, Umphrey, Doyle & McPherson, Jon B. Burmeister, Port Arthur, for petitioner.

Orgain, Bell & Tucker, Jo Ben Whittenburg, Beaumont, Baker & Botts, Walter Conrad, Jr. and Randall A. Hopkins, Houston, Lamson & Plessala, Frank M. Lamson, Port Arthur, for respondents.

**PER CURIAM.**

The trial court rendered a take nothing judgment against petitioners on their claim under chapter seven of the Consumer Credit Act. *See* Tex.Rev.Civ.Stat.Ann. art. 5069–7.01 to 7.10 (Vernon 1971). The court of civil appeals affirmed this judgment, holding that the mobile home in question was not a motor vehicle within the definition of § 7.01(a) of the Act because it was not a mobile home designed and used primarily to transport persons or property on a public highway. 582 S.W.2d 509.

In refusing petitioners' application for writ of error with the notation no reversible error, we do not intend to exclude installment sales of any mobile homes from the Act's regulation. A mobile home that does not meet the definition of motor vehicle under § 7.01(a) is a "good" under § 6.01(a) of the Act, and its credit sale is regulated by chapter six. *See* Tex.Rev.Civ.Stat.Ann. art. 5069–6.01 to 6.09 (Vernon 1971 & Supp. 1978–1979). *See also* 1979 Tex.Sess.Law Serv., ch. 672, § 39, at 1576 (Vernon) (after August 27, 1979, credit sales of "manufactured homes" will be regulated by chapter 6A).

Petitioners' application for writ of error is refused, no reversible error.