**Alton M. STEWART et al., Appellants,**

v.

**Asa MOODY, Appellee.**

**No. 8427.**

Court of Civil Appeals of Texas, Beaumont.

April 3, 1980.

Rehearing Denied April 24, 1980.

John Fulbright, Beaumont, Dickinson & Ewalt, Houston, for appellants.

Jon Burmeister, Port Arthur, for appellee.

CLAYTON, Justice.

Appellee (Moody) filed this suit seeking damages arising from his purchase of a "double mobile home," naming as defendants Mid-County Rental Services, Inc., Alton Stewart (Stewart), individually and doing business as Mid-County Mobile Homes Sales and Service, First Financial Corporation, and Equitable Insurance Exchange. Appellee sought damages resulting from violation of the Deceptive Trade Practices Act, *Tex.Bus. & Com.Code Ann. § 17.-46(b)(5), (7)* (Vernon 1978), and the Consumer Credit Code, *Tex.Rev.Civ.Stat.Ann. art. 5069–7.07(3), (4)* (Vernon 1971). Appellee settled with and non-suited Mid-County Rental Services, Inc.

Trial was to a jury which found that appellee sustained damages in the amount of $5,000 resulting from misrepresentations in violation of the Deceptive Trade Practices Act, and found that certain violations of *article 5069–7.02* existed as to the installment contract executed by appellee and awarded escalated attorney fees. The trial court trebled the $5,000 damages and entered judgment thereon in the sum of $15,-000. In addition to this sum, the trial court found that the finance charge on the retail installment contract executed by appellee was $22,455.20, and, because there had been a violation of *article 5069–7.02*, this amount was doubled and judgment entered in the sum of $44,910.40. The court further found that Equitable Insurance Exchange had in full force and effect a bond in the amount of $25,000 wherein Stewart was principal and Equitable Insurance Exchange was the surety, to cover any liability against Stewart for damages. Judgment was entered against Alton Stewart, individually and do-

ing business as Mid-County Mobile Homes Sales and Service in the sum of $59,910.40, together with certain sums as escalated attorney fees, and against Equitable Insurance Exchange for the "first $25,000 of this judgment." Alton Stewart and Equitable Insurance Exchange have appealed.

Appellee purchased a "double mobile home" from a salesman employed by Stewart. Appellee's cause of action is based upon certain misrepresentations made by the salesman, in violation of the Deceptive Trade Practices Act, *Tex.Bus. & Com.Code Ann. § 17.46(b)(5)* and *(7)* (Vernon 1960), wherein appellee asserted the salesman represented that the ceiling joists and rafters, in the mobile home, "were of 2 × 6 material, as well as the floor beams being of 2 × 6 material," when in truth and in fact the ceiling joists and rafters "were of 2 × 2 material. . . ." Appellee further alleged, as a part of his cause of action, the retail installment contract executed by him was not signed and dated by the seller which was in violation of Tex.Rev.Stat.Ann. art. 5069–7.02 (Vernon 1971).

■ By his seventh point of error, appellant complains of the damage issue submitted by the trial court. This issue inquired of the jury as to "what sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would reasonably and fairly compensate the plaintiff for the damages, if any, he has suffered as a result of the occurrence in question?"

The trial court submitted an issue inquiring of the jury as to the misrepresentations made by the salesman, and the jury answered that such misrepresentations were made. This was followed by an issue inquiring if the retail installment contract, which was signed by the plaintiff (appellee), was not dated and not signed by the seller, to which the jury answered in the affirmative. This issue was immediately followed by the damage issue about which complaint is made. There were no instructions as to what elements of damage should or could be considered by the jury in arriving at their answer to this issue. This issue, as worded,

permitted the jury to take into account anything that it considered as constituting "damages." Appellee plead that "it would cost him $10,000 to have all the deficiencies corrected," or in the "alternative . . . that the . . . home . . . as represented was worth $21,000, but that the fair market value of the mobile home as it existed was only worth $11,000. . . ." The jury could have considered either or both of the allegations as to damages "suffered as a result of the occurrence in question," when the proper measure of damages, as to either allegation, was not given or included in this damage issue. Moreover, the damage issue followed the issue inquiring as to the failure to sign and date the retail installment contract, and under the damage issue the jury could have considered damages arising from such failure to sign and date the contract. There were no instructions or limitations with reference to the elements of damage to be considered by the jury. Appellant made proper objections to this issue, and this damage issue, as worded, was erroneously submitted to the jury. See *Securities Investment Company of St. Louis v. Finance Acceptance Corporation*, 474 S.W.2d 261 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ ref'd n. r. e.). This point is sustained.

■ By his ninth point, appellant urges error by the trial court in overruling his "motion for judgment N.O.V. and in failing to render judgment that appellee take nothing by virtue of his cause of action based on [*Tex.Rev.Stat.Ann. art. 5069–7.02* and *8.01* (Vernon 1971)] the Consumer Credit Code because said statutes do not apply to the sale of the mobile home in question."

Appellee alleged a violation of *article 5069–7.02* ". . . because the . . . contract in question is not dated and is not signed by the seller . . .," and prayed for those damages "as set forth in *Art. 5069–8.01.* . . . " The jury found that at the time the retail installment contract was signed by him it was not dated and was not signed by the seller. Judgment was rendered for appellee based upon the theory that *article 5069–7.02* embodied such re-

quirements and appellee was entitled to judgment for twice the amount of the finance charges contained in the contract.

This court has previously held in *Yates v. Mobile America Sales Corporation*, 582 S.W.2d 509 (Tex.Civ.App.—Beaumont 1979), writ ref'd n. r. e. per curiam, 591 S.W.2d 453 (Tex.1979), that a mobile home such as the one involved in the case at bar is excluded from the definition of a mobile home in *article 5069–7.01(a)* and is, therefore, not subject to the requirements of *article 5069–7.01* et seq. The Supreme Court in its per curiam opinion in *Yates*, in refusing the application for writ of error, stated, "[W]e do not intend to exclude installment sales of any mobile homes from the Act's regulation. A mobile home that does not meet the definition of motor vehicle under *§ 7.01(a)* is a 'good' under *§ 6.01(a)* of the Act, and its credit sale is regulated by chapter six. See *Tex.Rev.Civ.Stat.Ann. art. 5069–6.01* to *6.09* (Vernon 1971 & Supp. 1978–79). See also 1979 *Tex.Sess.Law Serv.*, ch. 672, § 39, at 1576 (Vernon) (after August 27, 1979, credit sales of 'manufactured homes' will be regulated by chapter 6A)." *Yates v. Mobile America Sales Corporation*, 591 S.W.2d 453 (Tex.1979).

Appellee argues that appellant did not object to trying this case under Chapter 7 instead of Chapter 6 of *article 5069* and made no complaint that appellee "was suing under the wrong chapter of the Consumer Credit Code" and by reason thereof this point is waived. We do not agree. The burden is upon appellee to plead and prove his cause of action. This he failed to do.

Appellant has not proved a cause of action based upon violations of *article 5069–7.01* et seq. and that part of the judgment awarding damages based upon such violations must be reversed. Ordinarily, under this point, we would render a take nothing judgment as to this particular part of appellee's cause of action. However, it appears the cause of action was brought upon the wrong theory, and in the interest of justice the cause should be remanded. We do remand under the authority of *Scott v. Liebman*, 404 S.W.2d 288 (Tex.1966), and

*Dahlberg v. Holden*, 150 Tex. 179, 238 S.W.2d 699 (1951).

The question of Equitable Insurance Exchange's status in this appeal has been presented by appellees' motion to dismiss Equitable's appeal. Without discussing the merits of the motion, we treat Equitable as being in the position of a non-appealing defendant. Equitable's liability is based upon appellant Stewart's liability. The judgment entered against Equitable is for "the first $25,000 of this judgment." We are reversing and remanding this cause, and, by reason thereof, there is no judgment against Stewart. Since there is no judgment against Stewart, there is no judgment against Equitable. Moreover, the rights and liabilities of Equitable are so interwoven with those of Stewart that a reversal of the judgment against Stewart will also require a reversal as to Equitable. See *Austin Shoe Stores v. Elizabeth Co.*, 538 S.W.2d 677 (Tex.Civ.App.—Waco 1976, writ ref'd n. r. e.); *Great American Mortgage Investors v. Republic of Texas Savings Assn.*, 538 S.W.2d 146 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ); *Richards Manufacturing Company v. Aspromonte*, 557 S.W.2d 543 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ).

In view of our disposition of this appeal we do not consider the other points presented by appellant Stewart.

The judgment of the trial court is reversed and remanded.

REVERSED and REMANDED.