

# The Attorney General of Texas

December 15, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Andy James, Administrator
Texas Real Estate Commission
4920 N. Interregional Highway
Austin, Texas 78751

Opinion No. MW-287

Re: Licensure of residential service company

Dear Mr. James:

National Warranty Corporation, whose home offices are located in Indiana, markets a "Mobile/Modular Home Protection Plan." Through signed agreements with approved mobile home dealers, the corporation offers for a fixed charge to extend for five years a manufacturer's guarantee on mobile home units. Coverage is made available to an initial purchaser of a unit or his transferees. Service contracts warrant described units, including their structure, plumbing, heating and electrical systems, and new appliances or equipment to be free, under normal use, from manufacturing defects in material or workmanship. Contracts take effect upon expiration of the manufacturer's warranty, at which time the corporation assumes responsibility for repairing or replacing any parts necessary to correct defects in material or workmanship if a dealer is unable or unwilling to resolve the problem.

You have asked whether companies which market such a service program in Texas must be licensed as a residential service company pursuant to article 6573b, V.T.C.S., the Residential Service Company Act. Section 6 of the act provides, in pertinent part:

> (a) No person shall. . . arrange to perform services pursuant to residential service contracts unless such person is a licensed service company or its authorized representative.

> (b) No person shall. . . arrange or solicit the sale of . . . residential service contracts, unless (a). . .and (b) such residential service contracts are issued by a licensed service company.

A "service company" is defined in section 4(b) as "any person who issues and performs, or arranges to perform, services pursuant to a residential service contract," and a "licensed service company" is a service company licensed by the Texas Real Estate Commission. Section 4(c).

You assert that the service plan marketed by National Warranty Corporation constitutes a "residential service contract" within section 4(a), which defines such a contract as:

> any contract. . . whereby, for a fee, a person undertakes, for a specified period of time, to maintain, repair, or replace all or any part of the structural components, the appliances, or the electrical, plumbing, heating, cooling, or air-conditioning systems of residential property.

The corporation maintains that it is exempted from licensure requirements by the following proviso in section 4(a):

> provided, however, the term does not. . . include any service. . . contract. . . sold. . . or issued by any manufacturer or merchant in which. . . the manufacturer or merchant undertakes. . . to service. . . any product or part thereof. . . manufactured or sold by such manufacturer or merchant. . . .

The corporation also relies upon section 25(e), which states that the act does not apply to:

> any service. . . contract. . . which provides for. . . the maintenance, repair, service. . . of any product or part thereof. . . provided such service. . . contract. . . is sold, offered for sale, or issued by the manufacturer or merchant who manufactured or sold such product or part.

National Warranty Corporation does not contend that mobile homes covered by its service plan are not "residential property" within article 6573b. Thus, we need not decide whether the act would cover any mobile home, without regard to its intended use, but will assume that mobile homes covered by the corporation's service plan are residences and are therefore within the scope of the act. See Yates v. Mobile America Sales Corporation, 582 S.W. 2d 509 (Tex. Civ. App. - Beaumont), writ ref'd n.r.e., 591 S.W. 2d 453 (Tex. 1979).

The corporation argues that because it does not sell its service plans directly to consumers, but markets them through approved dealers who pay for the coverage and then provide it to their buyers, it is exempt from licensure requirements. However, in our opinion, this argument overlooks the fact that an agreement between the corporation and an approved dealer is itself a "residential service contract" within section 4(a) of the act: it is a contract whereby, for a fee, the corporation undertakes to service the parts of residential property specified in that section. It is equally clear, moreover, that the exemptions relied upon by the corporation are inapplicable. Sections 4(a) and 25(e) exclude from the act service contracts issued or sold by manufacturers or merchants of the products or parts covered by the contract. However, although a dealer with whom the corporation contracts may later make the

advantages of the contract available to its customers or "resell" the contract to them, the original contract is sold to the dealer by the corporation, which is neither a manufacturer nor a merchant within article 6573b.

We therefore conclude that National Warranty Corporation is required to be licensed as a residential service company pursuant to article 6573b, V.T.C.S., in order to do business in Texas. We assume, of course, that the corporation is not already licensed as an insurance company. V.T.C.S. art. 6573b, §2(a).

### S U M M A R Y

National Warranty Corporation is required to be licensed as a residential service company under article 6573b, V.T.C.S., in order to do business in Texas.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
Jon Bible
Rick Gilpin
Nancy Lynch
Bruce Youngblood