Mr. Andy James Administrator Texas Real Estate Commission 4920 N. Interregional Highway Austin, Texas 78751
Re: Licensure of residential service company
Dear Mr. James:
National Warranty Corporation, whose home offices are located in Indiana, markets a `Mobile/Modular Home Protection Plan.' Though signed agreements with approved mobile home dealers, the corporation offers for a fixed charge to extend for five years a manufacturer's guarantee on mobile home units. Coverage is made available to an initial purchaser of a unit or his transferees. Service contracts warrant described units, including their structure, plumbing, heating and electrical systems, and new appliances or equipment to be free, under normal use, from manufacturing defects in material or workmanship. Contracts take effect upon expiration of the manufacturer's warranty, at which time the corporation assumes responsibility for repairing or replacing any parts necessary to correct defects in material or workmanship is a dealer is unable or unwilling to resolve the problem.
You have asked whether companies which market such a service program in Texas must be licensed as a residential service company pursuant to article 6573b, V.T.C.S., the Residential Service Company Act. Section 6 of the act provides, in pertinent part:
 (a) No person shall . . . arrange to perform services pursuant to residential service contracts unless such person is a licensed service company or its authorized representative.
 (b) No person shall . . . arrange or solicit the sale of . . . residential service contracts, unless (a) . . . and (b) such residential service contracts are issued by a licensed service company.
A `service company' is defined in section 4(b) as `any person who issues and performs, or arranges to perform, services pursuant to a residential service contract,' and a `licensed service company' is a service company licensed by the Texas Real Estate Commission. Section 4(c).
You assert that the service plan marketed by National Warranty Corporation constitutes a `residential service contract' within section 4(a), which defines such a contract as:
 any contract . . . whereby, for a fee, a person undertakes, for a specified period of time, to maintain, repair, or replace all or any part of the structural components, the appliances, or the electrical, plumbing, heating, cooling, or air-conditioning systems of residential property.
The corporation maintains that it is exempted from licensure requirements by the following proviso in section 4(a):
 provided, however, the term does not . . . include any service . . . contract . . . sold . . . or issued by any manufacturer or merchant in which . . . the manufacturer or merchant undertakes . . . to service . . . any product or part thereof . . . manufactured or sold by such manufacturer or merchant. . . .
The corporation also relies upon section 25(e), which states that the act does not apply to:
 any service . . . contract . . . which provides for . . . the maintenance, repair, service . . . of any product or part thereof . . . provided such service . . . contract . . . is sold, offered for sale, or issued by the manufacturer or merchant who manufactured or sold such product or part.
National Warranty Corporation does not contend that mobile homes covered by its service plan are not `residential property' within article 6573b. Thus, we need not decide whether the act would cover any mobile home, without regard to its intended use, but will assume that mobile homes covered by the corporation's service plan are residences and are therefore within the scope of the act. See Yates v. Mobile America Sales Corporation,582 S.W.2d 509 (Tex.Civ.App.-Beaumont), writ ref'd n.r.e.,591 S.W.2d 453 (Tex. 1979).
The corporation argues that because it does not sell its service plans directly to consumers, but markets them through approved dealers who pay for the coverage and then provide it to their buyers, it is exempt from licensure requirements. However, in our opinion, this argument overlooks the fact that an agreement between the corporation and an approved dealer is itself a `residential service contract' within section 4(a) of the act: it is a contract whereby, for a fee, the corporation undertakes to service the parts of residential property specified in that section. It is equally clear, moreover, that the exemptions relied upon by the corporation are inapplicable. Sections 4(a) and 25(e) exclude from the act service contracts issued or sold by manufacturers or merchants of the products or parts covered by the contract. However, although a dealer with whom the corporation contracts may later make the advantages of the contract available to its customers or `resell' the contract to them, the original contract is sold to the dealer by the corporation, which is neither a manufacturer nor a merchant within article 6573b.
We therefore conclude that National Warranty Corporation is required to be licensed as a residential service company pursuant to article 6573b, V.T.C.S., in order to do business in Texas. We assume, of course, that the corporation is not already licensed as an insurance company. V.T.C.S. art. 6573b, § 2(a).
 SUMMARY
National Warranty Corporation is required to be licensed as a residential service company under article 6573b, V.T.C.S., in order to do business in Texas.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Jon Bible Assistant Attorney General