**MOBILE AMERICA SALES CORPORATION, Appellant,**

v.

**Dianna Breaux GRADLEY, Appellee.**

**No. 8571.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 31, 1980.

Rehearing Denied Jan. 29, 1981.

J. B. Whittenburg, Orgain, Bell & Tucker, Beaumont, for appellant.

Jon B. Burmeister, Provost, Umphrey, Doye & McPherson, Port Arthur, for appellee.

KEITH, Justice.

Defendant below appeals from an adverse judgment based upon a jury verdict in a cause of action prosecuted under the provisions of the Texas Consumer Credit Code, Chapters 6, 7, and 8 [*Tex.Rev.Civ.Stat.Ann. Art. 5069–6.01, et seq. (1971)*, and as amended (*Pamp.Supp. 1971–1980*)].[1]

Plaintiff purchased a mobile home from defendant in January, 1977, and brought suit in September, 1978, alleging a breach of the Deceptive Trade Practices-Consumer Protection Act [*Tex.Bus. & Comm.Code Ann. § 17.41, et seq. (Supp. 1980–81)*], seeking to recover damages because of "unconscionable action" and violation of undisclosed "express and/or implied warranties."

■ An amended petition was filed thereafter wherein plaintiff sought to recover double the interest or finance charge because of violations of *Chapter 7* of the Consumer Credit Code. By *supplemental* petition, plaintiff abandoned the claim for recovery under *Chapter 7* of the Code and sought a recovery under *Chapter 6* of such Code.[2]

The cause went to trial on January 15, 1980, and the jury found, in answer to the only issue submitted, that defendant failed to mail or deliver to plaintiff a copy of the retail installment contract and failed to deliver the policy of insurance on the home within forty-five days after the delivery of the mobile home.

The trial court entered judgment for plaintiff for double the amount of the finance charge, $19,379.28, plus attorney's fees. Defendant has appealed, assigning twenty-four points of error, not all of which will be mentioned specifically in this opinion.

■ The first five points of error urge the contention that plaintiff waived any right to recover under any of the chapters of *Article 5069*. The contention is predicated upon the failure of plaintiff to request or to secure jury findings that the mobile home was a motor vehicle under *Art. 5069–7.01(a)* or a "good" under *Art. 5069–6.01(a)*. Defendant protected its present contentions by objections to the charge, by motion for judgment non obstante veredicto, and in its motion for new trial.

---

1. All subsequent references to the several articles of the Code will be to the specific section of *Art. 5069, Tex.Rev.Civ.Stat.Ann.*

2. We pause to note that the function of a supplemental pleading is to reply to a preceding pleading of the opponent. Such a pleading is essentially defensive in nature and ordinarily it is not designed to support a recovery. See *2 R.* McDonald Texas Civil Practice, § 8.01.2, at 314 (1970 Rev.Vol.). However, in the absence of objections in the trial court, such pleading will be considered as an addition to and not a replacement of the prior amended petition. *Mobile America Sales Corp. v. Rivers*, 556 S.W.2d 378, 382 (Tex.Civ.App.—San Antonio 1977, writ dism'd).

Plaintiff testified that she had been using the mobile home as a residence since the date of purchase in January, 1977; that it had never been used to transport anything over a public highway; and that it was without wheels and tied down to the ground in an immovable position.

The testimony in the case at bar was similar to that set out in *Yates v. Mobile America Sales Corp.*, 582 S.W.2d 509, 510 (Tex.Civ.App.—Beaumont 1979), writ ref'd, per curiam, 591 S.W.2d 453 (Tex.1980). In *Yates*, this Court held that no recovery could be sustained under *Art. 5069–7.01(a)* when such a mobile home was involved. In refusing the application for the writ of error with the notation "no reversible error", the Supreme Court held:

> "A mobile home that does not meet the definition of motor vehicle under § 7.01(a) is a 'good' under § 6.01(a) of the Act, and its credit sale is regulated by chapter six." [3]

Following the Supreme Court in *Yates*, our review of the evidence leads us to the conclusion that it was conclusively established that such property was a "good" as defined in *Art. 5069–6.01(a)*. Thus, there was no waiver of plaintiff's claim of relief under such section by the failure to request an issue on the type of property involved. *3 R. McDonald, Texas Civil Practice, § 12.-08, at 293 (1970 Rev.Vol.)*. See also, *Lyles v. Johnson*, 585 S.W.2d 778, 783 (Tex.Civ. App.—Houston [1st Dist.] 1979, writ ref'd n. r. e.).

We find no merit in the first five points of error and each is overruled.

■ Defendant's next four points of error attack the legal and factual sufficiency of the evidence to support the jury's findings to the two issues mentioned earlier.

Our review of the record will be under the guidelines laid down in *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

There is testimony from the plaintiff that she did not receive copies of the contract or of the insurance policy.

There is no *direct* evidence that such contract and policy were not mailed by defendant; nor is there any direct evidence from any source that such instruments were in fact mailed by defendant to plaintiff. The nearest any witness came to giving testimony on the subject was Jerry Payne, house counsel for the defendant, who testified that he had actually seen the envelopes containing the contracts and the policy but admitted that he did not deposit the envelopes in the mail nor did he see anyone else do so.

■ There is a presumption arising from the mailing of a letter that it was received; but, as Professor Ray points out in *1 R. Ray, Texas Practice, Law of Evidence § 111, at 178, 179 (3rd Ed. 1980)*, the presumption arises only after proof has been made that the letter was properly addressed to the addressee, stamped with the proper postage, and that it was mailed. Such facts were not shown by Payne's testimony.

Plaintiff concedes that she had the burden of establishing the negative fact, i. e., that the contract and policy were not mailed. See and cf. *Texas & P. Ry. Co. v. Van Zandt*, 159 Tex. 178, 317 S.W.2d 528, 530 (1958). While plaintiff could not prove what went on in defendant's office, she did offer proof which, in legal effect, raised an issue of fact as to the presumption of receipt of the letter because of its mailing. Such was in the nature of circumstantial evidence having probative force sufficient

---

**3.** We have reviewed the originals of the documents filed in the Supreme Court, now on file in our Court, and find that neither party in *Yates* raised the question of the applicability of *§ 6.01(a)* to that case in the original application or the reply. Consequently, the *holding* quoted above is dictum. *Grigsby v. Reib*, 105 Tex. 597, 153 S.W. 1124, 1126 (1913).

However, our record also contains motions for rehearing by the petitioners in *Yates*, to-

gether with replies thereto by the respondents which did raise such questions. Additionally, more than a dozen amici curiae filed briefs discussing the applicability of *§ 6.01(a)* to mobile homes. Thus, we are led to the belief that such dictum was judicial dicta rather than mere obiter. See *Thomas v. Meyer*, 168 S.W.2d 681, 685 (Tex.Civ.App.—San Antonio 1943, no writ), an opinion by the late Justice Norvell.

to constitute the basis of a legal inference that the documents had not been mailed. *Baylor University v. Chester Savings Bank*, 82 S.W.2d 738, 746 (Tex.Civ.App.—Waco 1935, writ ref'd); *Brown Supply Co. v. Rushing*, 361 S.W.2d 728, 729 (Tex.Civ.App. —Amarillo 1962, no writ).

Defendant misses the mark when it argues that even if Payne's testimony was not accepted by the jury, it cannot be considered as evidence that the documents were not mailed. We recognize the rule. *Texas & N. O. R. Co. v. Grace*, 144 Tex. 71, 188 S.W.2d 378, 380 (1945). Since Payne did not testify that he mailed or saw the mailing of the letter to plaintiff, his testimony did not raise an issue of fact of mailing.

The points of error attacking the factual and legal sufficiency of the evidence to sustain the jury findings are each overruled.

■ Defendant has many other attacks upon the judgment other than those specifically set out heretofore. We do not reach such complaints because *Art. 5069–8.01(g) (Pamp.Supp. 1971–1980)* provides that multiple violations occurring in a single transaction shall entitle the obligor to a single recovery. Such violations were established by the jury findings in answer to the two special issues. Whether or nor other violations were established is immaterial. *Chapman v. Miller*, 575 S.W.2d 581, 583 (Tex.Civ. App.—Beaumont 1978, writ ref'd n. r. e.).

■ We find merit to defendant's twentieth point of error wherein it challenges the award of double the amount of interest charged on the loan. Defendant argues that the most plaintiff established herself entitled to recover was the sum of $4,000.00. We agree.

Under the terms of Section 3 of the amendatory act (Acts 1977, 65th Leg., p. 228, ch. 111) as adopted by the Legislature, the provisions of the Act became effective August 31, 1977, and it was specifically provided that the Act "shall apply to all transactions entered into prior to such date." We are not impressed with plaintiff's contentions urging, in essence, that she had a vested right in existence at the time the Act became effective. From this premise, she argues that her substantive rights could not be defeated by any subsequent amendment to the law under which she sought to recover.

■ It is generally conceded that a right of action given by statute—as was the right to recover the penalty sought by plaintiff in this case—may be taken away at any time, even after it accrues and proceedings have been begun to enforce it. *National Carloading Corp. v. Phoenix-El Paso Express, Inc.*, 142 Tex. 141, 176 S.W.2d 564, 568 (1944). Point twenty is sustained.

■ Defendant contends, in another point of error, that the trial court erred when it permitted plaintiff's counsel to testify on the issue of attorney's fees when the interrogatories had not included the names of any expert witnesses, and there had been no supplementation of such answers. Proof of the fees was made to the court by stipulation, and did not form an issue for jury determination. The trial court made it clear that if defendant was surprised by the testimony, additional time would be given to meet the evidence presented. Defendant did not avail itself of such opportunity.

Defendant labors under a heavy burden, as counsel recognizes in his brief. We find no abuse of discretion and overrule such point. *Trubell v. Patten*, 582 S.W.2d 606, 610 (Tex.Civ.App.—Tyler 1979, no writ).

The judgment of the trial court must be reformed because of the excessive penalty imposed as discussed under point of error number twenty. We now reform the judgment in accordance with the provisions of the applicable statute. Since the amount financed was in excess of $5,000, plaintiff was entitled to recover only the sum of $4,000. *Art. 5069–8.01(b)*.

The judgment of the trial court is reformed so as to award plaintiff a recovery of only $4,000 plus the attorney's fees as set out in the judgment of the trial court. Since we have reduced the judgment by nearly three-fourths, we apportion the costs

of appeal between the parties equally. The judgment, as reformed, shall bear interest from the date of the original judgment until paid.

REFORMED and AFFIRMED.