**S & L HOMES CORPORATION, Appellant,**

v.

**Randy G. WALLS, and Wife, Kathie Walls, Appellees.**

No. 8883.

Court of Civil Appeals of Texas, Texarkana.

Feb. 10, 1981.

Rehearing Denied March 17, 1981.

Richard W. Arnott and Frederick J. Feigl, Feigl & Arnott, Inc., Richardson, for appellant.

Frank Elder, III, Kilgore, for appellees.

BLEIL, Justice.

This is a case involving the application of the usury statute to the sale of a residential mobile home. S & L Homes Corporation appeals from a summary judgment in favor of the appellees, which held that the contract entered into by the parties was usurious. The judgment reformed the contract to allow 10% per annum interest based upon the purchase price, awarded statutory penalties and attorney's fees.

On April 2, 1979, Randy Walls and his wife, Kathie Walls, appellees, contracted to purchase a new mobile home from McMichael Mobile Homes in Hooks, Texas. This mobile home was to be used as a residence for appellees and was bought on a retail installment contract at a cash purchase price of $13,500.00, and additional charges of $1,414.38. A down payment of $2,014.38

was made leaving an unpaid balance of $12,900.00, plus a finance charge of $11,610.00, to be repaid in 144 equal monthly installments of $170.21. The annual percentage rate of interest was 12.09%. Appellant, S & L Homes Corporation, acquired the contract from the dealer and at all times the parties to this suit were aware that the contract provided for an annual percentage rate of 12.09%.

The appellees filed suit urging that the contract was usurious under Chapter 1 of the Consumer Credit Act, Tex.Rev.Civ.Stat. Ann. art. 5069, which fixes a 10% ceiling on interest charges under that Chapter. Mr. and Mrs. Walls also asserted that Chapters 6 and 7, which contain provisions allowing more than 10% per annum finance charges, were not applicable to the sale of this mobile home. The trial court found that the agreement did provide for interest in excess of the 10% allowed by Chapter 1, reformed the contract, assessed a Chapter 1 penalty against S & L Homes Corporation, and awarded attorney's fees.

The issue on appeal is whether the sale of the mobile home in question is subject to a 10% per annum maximum rate of interest under Tex.Rev.Civ.Stat.Ann. art. 5069–1.02.

Chapter 6 of Tex.Rev.Civ.Stat.Ann. art. 5069 is entitled Retail Installment Sales, and its terms apply to goods and services as defined in that section. "Goods" as therein defined does not include any "... mobile home, truck, trailer, semi-trailer, truck tractor, or bus designed and used primarily to transport persons or property on a public highway; ...". No further mention is made of mobile homes in Article 5069–6.01, et seq. Chapter 7, entitled Vehicle Installment Sales, covers sales of motor vehicles excluded by Article 5069–6.01, et seq. A mobile home designed for use as a residence is not specifically included within the definitions applicable under either Article 5069–6.01, et seq., or Article 5069–7.01, et seq.

In *Yates v. Mobile America Sales Corporation*, 582 S.W.2d 509 (Tex.Civ.App.— Beaumont 1979), *writ ref'd n.r.e. per curiam*, 591 S.W.2d 453 (Tex.1979), the court held that the sale of a mobile home for use as a residence was not a motor vehicle within the definition of Article 5069–7.01(a) of the Act because it was not a mobile home designed and used primarily to transport persons or property on a public highway. The Supreme Court, in its per curiam opinion refusing application for writ of error, in *Yates v. Mobile America Sales Corporation* noted,

"... we do not intend to exclude installment sales of any mobile homes from the Act's regulation. A mobile home that does not meet the definition of motor vehicle under § 7.01(a) is a 'good' under § 6.01(a) of the Act, and its credit sale is regulated by chapter six...."

Since August 27, 1979, credit sales of "manufactured homes" are regulated by Chapter 6A of the Act, but this sale took place prior to the effective date of 6A. Prior to the effective date of Chapter 6A, sales of mobile homes for residential purposes, such as the Walls' home, have been held to be governed by Chapter 6. *Stewart v. Moody*, 597 S.W.2d 556 (Tex.Civ.App.— Beaumont 1980, writ ref'd n. r. e.). In granting the summary judgment the trial court incorrectly concluded that neither Chapter 6 nor 7 was applicable and treated this sale as one governed by Chapter 1. Appellees were not entitled to judgment as a matter of law on the issues set out in their motion and the trial court erred in granting the summary judgment.

The judgment of the trial court is reversed and remanded.