**G–W–L, INC. d/b/a Goldstar Builders, Appellant,**

v.

**John R. ROBICHAUX, et ux, Appellees.**

**No. 8638.**

Court of Appeals of Texas, Beaumont.

Sept. 10, 1981.

Rehearing Denied Oct. 8, 1981.

---

**2.** October 26, 1978.

John L. Fulbright, Beaumont, for appellant.

Robert P. Walker, Port Arthur, for appellees.

DIES, Chief Justice.

Plaintiffs below, John R. and Merila Robichaux, contracted with G–W–L, Inc.—Goldstar Builders, defendant below, for the latter to construct a home. Plaintiffs moved into the house in November 1976. Later they (plaintiffs) sued because of alleged defects in the house. Trial was to a jury which found:

1. Defendant designed and drew the plans of the homes;

2. Plaintiffs relied on the defendant's skill and judgment in the house's design and construction;

3. Defendant failed to construct the roof and ceiling in a good and workmanlike manner;

4. That such failure was a producing cause of damage to plaintiffs;

4–a. That, $10,000 would compensate plaintiffs for their damages to the roof and ceiling;

9. That the house was not merchantable at the time of completion and possession by the plaintiffs;

10. That the fair and market value of the house contracted for by plaintiffs at the time they moved into the house without any defects was $53,000;

11. That such value with the defects was $43,000 at the time they moved into it;

12. Reasonable attorney's fees for the services of plaintiff's attorney was $3,720 in the trial court and $3,000 on appeal.

Judgment followed for $10,000 actual damages plus $2,000 under the Deceptive Trade Practices Act, plus attorney's fees found by the jury, less $689.21 admittedly owed by plaintiffs to defendant.

From this judgment defendant perfects this appeal. The parties will be referred to as they were below.

Defendant's points one and two are grouped together and will also be so dealt with herein. They argue first that the evidence of correcting the sag in the roof and ceiling was at today's prices (August 1980) and not Thanksgiving 1976 (when plaintiffs moved in); and, Special Issue 4(a) did not submit the proper issue of damages.

■ As to the first, the witness Flowers testified the cost of removing the sag from the roof and properly bracing it would be "from $10,000 to $12,000." The time of this cost was not brought out. It is true that on cross examination, defendant's attorney used the words "at today's prices," but at no time did he attempt to bring out that this cost was likely to have been less at the end of 1976, nor can we assume this is true. Were the time definitely fixed by the testimony and at a remote period, it might be insufficient. See 17 Tex.Jur.2d *Damages* § 236 (1960), but we cannot say a remote situation is presented here even if in arguendo defendant established a difference of cost, which it did not. This point is overruled.

■ In support of its contention that Issue 4(a) did not submit the proper element of damages, defendant cites us the case of *Stewart v. Moody*, 597 S.W.2d 556 (Tex.Civ. App.—Beaumont 1980, writ ref'd n.r.e.). There we reverse the trial court for submitting an issue which inquired as to what sum of money would reasonably and fairly compensate plaintiff for the damages he suffered as a result of "the occurrence" since the issue, as worded, permitted the jury to take into account anything that it con-

sidered as constituting damages. However, we do not have that situation in the case at bar because Issue 4(a) limited the damages to the roof and ceiling. Also, defendant by letter to plaintiffs acknowledged this sag in the roof and offered to repair it. This was the situation in *Salais v. Martinez*, 603 S.W.2d 296 (Tex.Civ.App.—El Paso 1980, no writ), and the court at 297 said: "In lieu of the repairs being made, their damages would be the cost of such repairs." See also the many cases cited by the court on p. 297. This point is overruled.

■ Defendant's third point is "The Trial Court erred in rendering Judgment for Appellees [plaintiffs] based on the theory that there was an implied warranty that the roof and ceiling of the house in question would be constructed in a good and workmanlike manner because the contract between the parties expressly provided that there were no warranties, express or implied." The Mechanic's Lien did not contain such a provision, but the promissory note signed by plaintiffs has this provision:

"This note, the aforesaid Mechanic's and Materialmen's Lien Contract and the plans and specification signed for identification by the parties hereto constitute the entire agreement between the parties hereto with reference to the erection of said improvements, there being no oral agreements, representations, conditions, warranties, express or implied, in addition to said written instruments."

In *Richman v. Watel*, 565 S.W.2d 101 (Tex.Civ.App.—Waco), writ ref'd n.r.e. per curiam, 576 S.W.2d 779 (Tex.1970), the court held that an express warranty made by the builder, which provided that there were no other warranties, did not limit or exclude such implied warranty of fitness created by *Humber v. Morton*, 426 S.W.2d 554 (Tex.1968). The Texas Supreme Court in refusing the application, no reversible error, had this to say:

"Our action should not be interpreted, however, as approving the holding by the Court of Civil Appeals that an express written warranty may not limit or exclude the implied warranties in *Humber*

. . . . We express no opinion on that question."

*Watel v. Richman,* 576 S.W.2d 779, 780 (Tex.1978).

We do not hold that under any conditions this implied warranty created in *Humber v. Morton,* supra, cannot be waived.

It would seem that the question of waiving the implied warranty created by *Humber v. Morton,* supra, could depend on the facts of each individual case. It is difficult for us to believe any home buyer (particularly a new home) would not expect his roof to be sag free. And it is even more difficult to expect a buyer contracting for the building of a new home to waive this implied warranty of the builder. At any rate, we hold that the waiver language must be clear and free from doubt. We further hold that the language in this note which defendant relies on does not meet this test. This point is overruled.

■ Defendant's next two points urge that the implied warranty of merchantability does not apply to a real estate transaction. We reject this contention and follow the court's holding in *MacDonald v. Mobley,* 555 S.W.2d 916 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.). These points are overruled.

■ Defendant's next three points complain of Issues 10 and 11 which submitted the market value of the house with and without the defects. Since we have already held the evidence as to cost of repairs to be sufficient, Issues 10 and 11 are immaterial to the judgment. See 4 R. McDonald, *Texas Civil Practice,* § 17.31(c) pp. 198, 199 (rev.1971). These points are overruled.

Defendant has other points which are either not briefed, or which we find have no merit. All of defendant's points of error are overruled, and the judgment of the trial court is affirmed.

AFFIRMED.