Clem L. LAMB, et ux., Appellants,

v.

Joe GAITAN, d/b/a Pasadena Real Estate Service, et al., Appellees.

No. C14–82–036–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 24, 1982.

Kenneth Garner, Garland, for appellants.

Roxanne Caperton, Austin, A.R. Schwartz, Houston, for appellees.

Before MILLER, MORSE and JAMES, JJ.

## OPINION

JAMES, Justice.

This is an appeal by plaintiffs from a favorable judgment rendered by the 164th District Court concerning the construction of the Real Estate Recovery Fund provision of the Texas Real Estate License Act. Tex. Rev.Civ.Stat.Ann. art. 6573a, Sec. 8 (Vernon 1982). We affirm as modified.

On October 3, 1975, appellants entered into an earnest money contract with appellee Joe Gaitan, a real estate broker licensed by the State of Texas, for the purchase of real property (a home) located in Pasadena, Texas. Pursuant to the contract, appellants paid twelve thousand dollars ($12,-000.00) to appellee Gaitan at the premises of a title company. Thereafter, appellants took possession of the real property and established it as their homestead. Upon receiving no deed and no title policy after multiple requests, appellants retained an attorney to investigate, and to attempt to obtain the consideration and title. Upon such investigation, appellants discovered that:

1) appellee Gaitan had no title to the real property;

2) appellee Gaitan, along with appellants' money, was nowhere to be found;

3) the real property was encumbered by many liens; and

4) the Harris County District Attorney was seeking the whereabouts of appellee Gaitan concerning other similar transactions.

On October 22, 1976, appellants filed suit against appellee Gaitan (Cause No. 1,098,-568) alleging fraudulent and deceptive practices, and asked for specific performance of the contract (asking the court to order appellee Gaitan to execute a General Warranty Deed if one could be given with good title), or, in the alternative, for actual and exemplary damages sustained by them due to the actions of appellee Gaitan. On March 23, 1981, the 164th District Court entered a judgment for appellants, awarding them thirty-six thousand dollars ($36,-000.00). Appellants then applied to the Court in an ancillary cause (Cause No. 1,098,568A) for an order directing the Texas Real Estate Commission to pay appellants from the Real Estate Recovery Fund. On December 17, 1981, the Court ordered the Commission to pay appellants the sum of ten thousand dollars ($10,000.00) from the Fund, which was paid to appellants immediately. The Commission then granted appellants the right to appeal on the legal point of the maximum recovery from the Real Estate Recovery Fund.

Although the ancillary cause (Cause No. 1,098,568A) for recovery of monies from the Fund was in actuality brought against the Texas Real Estate Commission, it was styled "Clem L. Lamb, et ux, vs. Joe Gaitan,

d/b/a Pasadena Real Estate Service, et al" at the request of Harris County Court officials. We understand that, for this reason, the appeal is styled similarly. However, the true appellee is the Texas Real Estate Commission.

■ In his point of error, appellant correctly states that the Texas Real Estate License Act, Tex.Rev.Civ.Stat.Ann. art. 6573a, was passed in order to regulate the real estate broker and agent industry, and to provide a specific remedy or right of action to members of the community who are adversely affected by the fraudulent or deceptive actions of a real estate broker or agent. This remedy or right of action consists of allowing the recovery of certain funds from the Texas Real Estate Recovery Fund. As a result of this provision (Section 8 of the Act), the public will be provided security when dealing with licensed real estate brokers and agents. It is well settled that, like all Acts passed by the Texas Legislature, this remedy is subject to being narrowed, broadened, or eliminated by subsequent Acts of the Legislature. *Ex Parte Abell,* 613 S.W.2d 255 (Tex.1981); *Mobile American Sales Corporation v. Gradley,* 612 S.W.2d 625 (Tex.Civ.App.—Beaumont 1980, no writ); *National Carloading Corporation v. Phoenix-El Paso Express, Inc.,* 142 Tex. 141, 176 S.W.2d 564 (1944); *Phil H. Pierce Company v. Watkins,* 114 Tex. 153, 263 S.W. 905 (1924).

■ In order for an aggrieved party to apply to recover funds from the Real Estate Recovery Fund (pursuant to a favorable judgment), Article 6573a, Section 8, Part 3 requires that a series of requirements be fulfilled:

Part 3. (a) No action for a judgment which subsequently results in an order for collection from the real estate recovery fund shall be started later than two years from the accrual of the cause of action. When an aggrieved person commences action for a judgment which may result in collection from the real estate recovery fund, the real estate broker or real estate salesman shall notify the commission in writing to this effect at the time of the commencement of the action.

(b) When an aggrieved person recovers a valid judgment in a court of competent jurisdiction against a real estate broker, or real estate salesman, on the grounds described in Part 1 (a) of this section that occurred on or after the effective date of this Act, the aggrieved person may, after final judgment has been entered, execution returned nulla bona, and a judgment lien perfected, file a verified claim in the court in which the judgment was entered and, on 20 days' written notice to the commission, may apply to the court for an order directing payment out of the real estate recovery fund of the amount unpaid on the judgment, subject to the limitations stated in Part 8 of this section.

Thus, it is clear that the above requirements are prerequisites to the application for recovery from the Fund, without the satisfaction of which there can be no application.

■ The effective date of the Real Estate License Act, the pivotal date in Section 8, Part 3(b), is May 19, 1975. Thus, with the ground of recovery in the instant case (deception, fraud, trickery, etc., by appellee Gaitan) taking place on October 8, 1975, the initial date requirement has been satisfied. This finding was properly recognized by the trial court in its March 23, 1981, judgment, thus giving appellant the right to apply for moneys from the Fund. It was only then, upon this final judgment in 1981, that appellant's right of action to apply for moneys from the Fund vested.

In a new, separate-but-related right of action, the aggrieved party files a verified claim, applying to the court for an order directing the Real Estate Commission to pay out moneys from the Fund. This demand for compensation from the Fund, an account maintained by the Commission, requires the affirmative showing by the aggrieved party of the fulfillment of other requirements as a prerequisite to recovery, as noted in Section 8, Part 3(c). It will only be after such showing that the Court will

order the Commission to pay out moneys from the Fund. These requirements are:

(c) The court shall proceed on the application forthwith. On the hearing on the application, the aggrieved person is required to show that:

(1) the judgment is based on facts allowing recovery under Part 1(a) of this section;

(2) he is not a spouse of the debtor, or the personal representative of the spouse;

(3) he has obtained a judgment as set out in Part 3(b) of this section, stating the amount of the judgment and the amount owing on the judgment at the date of the application;

(4) the judgment debtor lacks sufficient attachable assets to satisfy the judgment; and

(5) the amount that may be realized from the sale of real or personal property or other assets liable to be sold or applied in satisfaction of the judgment and the balance remaining due on the judgment after application of the amount that may be realized.

■ In the instant case, this new cause of action arose on March 23, 1981, the date on which the judgment of the court was rendered on the issue of liability of the appellee Gaitan. It is this claim, one which arose after the effective date of the Fund liability amendment (September 1, 1979), that controls which ceiling, ten thousand dollars ($10,000.00) or twenty thousand dollars ($20,000.00), will apply. Thus, appellant's contention that the twenty thousand dollar ($20,000.00) ceiling was in effect, is correct.

In his reply to appellee's counterpoint number two, appellant urges that the language of the Act specifies only one limitation on the payment of monies from the Fund: that being the twenty thousand dollar ($20,000.00) ceiling imposed by Section 8, Part 8, (c) and (d). We disagree. "In construing civil statutory enactments, we are enjoined to look diligently for the intention of the Legislature, keeping in view at all times the old law, the evil and the remedy." *Calvert v. Kadane,* 427 S.W.2d 605 (Tex.

1968). By a review of the language which was specifically chosen to express its will, it becomes clear that the Members of the Sixty-Sixth Session of the Texas Legislature intended that the monies which were to be paid to aggrieved parties were to be limited to actual damages only. Specifically, Section 8, Part 1(a) employs language which, from its plain and unambiguous meaning, directs that actual "out of pocket" monetary loss was the motive which compelled the Legislature to pass this legislation. The law utilizes the terms "reimburse" and "monetary", which shows the definite intentions of the Legislature to restore the aggrieved party to its original position; nothing more and nothing less.

To award the entire twenty thousand dollars ($20,000.00) to appellant would be to go beyond the legislative mandate for the Act, and to award punitive or exemplary damages. The Texas Supreme Court, in *Morton Salt Company v. Wells,* 35 S.W.2d 454 (Tex. 1934), held that "exemplary damages are allowed as punishment to the party responsible for the wrong, and as an example for the good of the public." Nine years later, this same court amplified its view, in *Bennett v. Howard,* 141 Tex. 101, 170 S.W.2d 709 (1943), stating:

Exemplary damages are not allowed as a matter of right, or as compensation. If such damages are allowed, they are considered excess compensation in addition to the actual damages sustained, as punishment for the gross negligence alleged as the basis of the suit.

It is clear that these extra awards are meant to punish the wrongdoer, and it would be misguided to impose dramatic sanctions upon the Texas Real Estate Commission, the many other credible real estate brokers and salesman, and the general public, for the unauthorized, unratified, and fraudulent acts of appellee Gaitan. In addition, to award these extra monies from the Fund would be against the interest of the public, for it would significantly accelerate the depletion of a fund established by the Legislature for the reimbursement of actual monetary damages, by employing

the fund as the source from which to extract exemplary or punitive damages.

We have considered all of the remaining points raised by appellants, and find them without merit.

Therefore, appellants are entitled to recover herein the two thousand dollars ($2,000.00) in actual damages which were not paid immediately subsequent to the trial of this case. However, judgment against the Commission for the remaining eight thousand dollars ($8,000.00) is denied.

The judgment of the trial court is affirmed as modified to reflect an aggregate recovery from the Real Estate Recovery Fund of twelve thousand dollars ($12,000.00).