Luther E. DUNN, Appellant,

v.

The TRAVELERS INSURANCE COMPANY et al., Appellees.

No. 13993.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 24, 1962.

Rehearing Denied Nov. 21, 1962.

Putman & Putman, San Antonio, for appellant.

Matthews, Nowlin, Macfarlane & Barrett, James D. Baskin, San Antonio, William F. Erwin, Jr., Houston, for appellees.

MURRAY, Chief Justice.

Luther E. Dunn instituted this suit against his former employer, Gulf Oil Corporation, The Travelers Insurance Company, the Workmen's Compensation insurer of Gulf, Richard Robinett, an employee of the Insurance Company, C. A. Mateei, and E. J. Wisdom, both employees of Gulf, seeking to recover the benefits he would have received under the Workmen's ·Compensation Statute, Art. 8306 et seq., Vernon's Tex.Civ.Stats., if he had timely filed his claim with the State Industrial Accident Board, together with exemplary damages.

Defendants filed a motion for summary judgment which was granted and judgment entered that plaintiff take nothing, from which judgment Luther E. Dunn has prosecuted this appeal, naming all of the defendants as appellees.

Appellant contends that this is a common law suit for damages for the amount of Workmen's Compensation benefits to which he would have been entitled, but for the fraudulent acts, words and deeds of the appellees acting jointly and in conspiracy with each other, while appellees contend that this is nothing more than a common law action to recover previously denied workmen's compensation benefits, and that to allow appellant to recover herein would be to permit him to do indirectly what he could not do directly; that is, recover workmen's compensation in an original action after it had been refused through proper channels.

This presents a very interesting question which we are not called upon to decide, because we have determined that in any event appellant's cause of action, if any, is barred by the two-year statute of limitation. Art. 5526, Vernon's Tex.Civ. Stats.

Appellant contends that he was injured on January 26, 1957, while working as an employee of Gulf Oil Corporation; that he remained an employee of Gulf Oil Corporation until March 31, 1958; that on April 12, 1958, he discovered for the first time that appellees had not filed a notice of injury and claim for compensation for him with the Industrial Accident Board, after telling him that such notice and claim had been filed; that on April 24, 1958, he filed his claim for compensation with the Industrial Accident Board, and on May 4, 1959, the Industrial Accident Board rendered its final award denying him any and all claims for Workmen's Compensation benefits, because his "claim for compensation had not been filed within the statutory period provided by the Workmen's Compensation Act," and the evidence submitted to the Board did not establish good cause for delay up to the date of filing.

Appellant did not appeal from the award of the Industrial Accident Board and no petition for a rehearing was filed within twelve months from the date of the final

award. Appellant instituted this suit on April 26, 1960, two years and fourteen days after he alleges he first discovered the fraud and conspiracy upon which he bases his cause of action.

The record conclusively shows that appellant received his injury on January 26, 1957, and on April 12, 1958, he discovered that he had been deceived and defrauded by appellees into believing his notice and claim for compensation had been filed with the Industrial Accident Board when in truth and in fact it had not. Thereafter, on April 24, 1958, he filed such notice and claim some fourteen months after his injury. On May 4, 1959, the Industrial Accident Board entered its order dismissing his claim because it had not been filed within six months after his injury occurred and he had failed to show good cause for his delay. He had a right under the provisions of Art. 8307, § 5, Vernon's Tex.Civ.Stats., to appeal to the courts and have a trial de novo, inter alia, as to whether he had good cause for delaying his claim. He did not take an appeal, but filed this suit on April 26, 1960, more than two years after he discovered the fraud that had been perpetrated upon him.

A cause of action based on fraud or deceit is barred if not filed within two years after the fraud is discovered or should have been discovered by the exercise of due diligence. Art. 5526, § 6, Vernon's Tex.Civ. Stats.; 26 Tex.Jur.2d p. 84; Quinn v. Press, 135 Tex. 60, 140 S.W.2d 438, 128 A.L.R. 757; Pelton v. Trico Oil Company, Tex.Civ. App., 167 S.W.2d 625; American Indemnity Co. v. Ernst & Ernst, Tex.Civ.App., 106 S.W.2d 763; Steele v. Glenn, Tex.Civ.App., 57 S.W.2d 908, affirmed, 141 Tex. 565, 61 S.W.2d 810.

Appellant contends that he could not file this suit until the Industrial Accident Board had passed upon whether he had good cause for delay in filing his claim. We do not agree. Appellant says that the damages were not known until the Board found against him on his alleged good cause for delay, because if the Board found in his

favor he would not have had any damages. It seems to us that if he had appealed to the courts and the courts had found good cause, he would by the same token have had no damages. Likewise, if the Board had found in his favor and the insurance company had appealed and won in the court, his damages would not have been known until the judgment of the district court became final, perhaps after an appeal to the Court of Civil Appeals and the Supreme Court. We cannot agree that he had to file his claim before filing his suit.

Under all of the authorities, appellant's claim was barred within two years after he discovered the fraud, and the trial court did not err in granting appellees' motion for summary judgment.

The judgment of the trial court is affirmed.

BARROW, J., not participating.