Khleber V. ATTWELL, Appellant,

v.

Earl BROWNING, Appellee.

No. 15808.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 6, 1972.

Rehearing Denied Jan. 27, 1972.

Haynes & Fullenweider, Donn C. Fullenweider, Houston, for appellant.

Carl, Lee & Fisher, Howard C. Lee, Jr., Houston, for appellee.

COLEMAN, Justice.

This is a suit to recover damages for the breach of a joint venture agreement. The case was tried to a jury. The jury verdict would support a judgment for the plaintiff. On Motion of the defendant the trial court rendered judgment notwithstanding the verdict that the plaintiff take nothing.

Mr. Attwell, the appellant, testified that he reached an agreement with appellee whereby appellant would secure investors to purchase a certain 112 acre tract of land, which appellee has an exclusive option to purchase, for the list price of $1,000.00 per acre plus an agreement on part of the investors that appellant and appellee were to have a ten per cent interest in the land. Appellant was to find the investors and "put the group together legally and taxwise for the proper procedure of developing the property." Appellee was to waive his commission at the time of purchase, and to supervise the later development and sale of the land. As a part of the transaction the investors were to give to appellant and appellee "a managing contract to handle and sell" the land. Appellant and appellee were to split the profits on the deal equally, including the ten per cent interest in the property and the profits realized from the management contract. Appellee told appellant that by dividing the land into small parcels its value would double.

Appellee testified that he discussed the sale of this tract of land to investors to be found by appellant. He told him that he had an oral exclusive listing at a price of $1,000.00 per acre net to the owner. They discussed subdividing the land after a purchase by investors. Appellee would work with appellant in dividing the property and reselling the lots. Appellee wanted a real estate commission when the land was sold to the investors and when the lots were sold subsequently. He did not agree to share in the profits. Appellant wanted to put the commission in the deal and share in the profits, but appellee refused to do

this. He told the land owner that Mr. Attwell had a group of investors who wanted to buy the land. Mr. Attwell told him that he had arranged 100% financing, gave him the names of prospective investors, and asked him to take them out to the land. He agreed to split his commission with appellant if appellant secured a buyer. He did not know that appellant did not have a real estate broker's license. There was no written agreement between appellant and appellee, or with the prospective investors. The financing arrangement was also oral.

Appellee sold the property to a purchaser not referred to him by appellant for $1,050.00 per acre. He was paid a commission of $4,600.00. He did not divide the commission with appellant. The earnest money contract was signed October 15, 1963. This suit was filed May 19, 1967.

The jury found that appellant and appellee were engaged in a joint venture for the purchase of the Huggins land and its anticipated subdivision; that appellant performed his part of the joint venture; that the sum of $5,800.00 would fairly and reasonably compensate appellant for the "money loss" he sustained by reason of his loss of profits of the joint venture; and that appellant's attorney did not fail to use due diligence to have citation served on appellee before February 14, 1968.

The effect of appellant's testimony is that he and appellee agreed to combine their efforts to sell the Huggins land to a group of investors. Appellee was to assist in making the sale and to contribute his commission to the enterprise. Appellant was to secure financing, and find the purchasers. The profit expected was a ten per cent interest in the land, plus a contract to subdivide and sell the land. There is no testimony concerning the details of this contract. The joint venture concerned the sale to the investors, the subdivision of the land, and subsequent sale of lots. There is neither pleading nor proof of a final complete agreement between appellant, appellee, and the various investors to enter into a joint venture.

Whether these facts prove an oral agreement to enter a joint venture, or merely an oral contract, need not be decided. Appellee breached the agreement by selling the land to one other than the investors interested by appellant. Appellant did not testify that there was an agreement to share the commission in such an event. There was no profit from a joint venture for which appellant seeks an accounting. The jury found that appellant sustained a "loss of profits" in an amount in excess of the commission which appellee received by reason of the sale. Appellant was seeking damages by his suit, not an accounting for the profits earned in the joint venture.

This suit for damages resulting from the breach of an oral contract was filed more than two years after the cause of action accrued and is barred by the statute of limitations. Art. 5526, Vernon's Ann.Civ. St.

Appellant points out that Art. 5527, V. A.C.S., provides a limitation period of four years for actions by one partner against his co-partner for a settlement of the partnership accounts. In Cockburn v. Irvin, 88 S.W.2d 747 (Tex.Civ.App.—Beaumont 1935, writ dism'd, w. o. j.), this provision of Art. 5527, supra, was held to be applicable in an action for an accounting between joint venturers. The Supreme Court of Texas, in Luling Oil & Gas Co. v. Humble Oil & Refining Co., 144 Tex. 475, 191 S. W.2d 716 (1945), held that Art. 5527 should be applied by the courts only to the class or classes of persons clearly coming within its terms and only in the causes of actions named in the statute. Specifically the court stated: "The statute sought to be invoked is by its own terms limited to the class or classes mentioned therein, that is, one partner against his co-partner, and then only for settlement of the partnership accounts, . . ."

Since this suit is not one for the settlement of the accounts of the joint venture, but rather is an action for damages, it is governed by Art. 5526, V.A.C.S. The cause of action accrued and limitations be-

gan to run on October 15, 1963, the date of the earnest money contract. Appellee's action in negotiating this contract was a clear repudiation of the joint venture agreement. More than two years elapsed prior to the date on which this suit was filed. The cause of action was barred by the cited limitation statute and the trial court did not err in rendering judgment for appellee. Atkins v. Crosland, 417 S. W.2d 150 (Tex.1967); Las Mendozas, Inc. v. Powell, 368 F.2d 445 (5th Cir. 1966); Price v. Wrather, 443 S.W.2d 348 (Tex. Civ.App.—Dallas 1969, writ ref'd, n. r. e.).

The judgment is affirmed.