Allan ZIDELL, et al., Appellants,

v.

Donald E. BIRD, Appellee.

No. 14291.

Court of Appeals of Texas, Austin.

May 22, 1985.

**552**

Gerald R. Coplin, P.C., Richardson, for appellants.

Kirk P. Watson, Scott, Douglass & Luton, Austin, for appellee.

Before POWERS, EARL W. SMITH and CARROLL, JJ.

POWERS, Justice.

Appellants Allan and Alvin Zidell pray we reverse a summary judgment that they take nothing by their suit against their former attorney, Donald E. Bird, for legal malpractice. We will affirm the judgment.

The Zidells contracted with Edward A. Zidd to sell him a parcel of land. Before consummation of the sale, however, they contracted with Gates Steen to sell him the same property, at a higher price, in the event the Zidd sale was not consummated. Allegedly acting on Bird's advice, the Zidells sold the property to Steen. Zidd ultimately sued the Zidells for breach of his contract with them, obtaining a judgment for money damages. That judgment was affirmed by a panel of this Court in an unpublished opinion. *Zidell v. Zidd,* No. 13,861, Tex.App.—Austin, February 13, 1985. The Zidells then sued Bird, seeking

among other relief an award of damages in the amount of Zidd's judgment against them. The trial court concluded that the cause of action pleaded by the Zidells was barred by limitations. We agree.

## THE CAUSE OF ACTION PLEADED BY THE ZIDELLS

The Zidells alleged that Bird was *negligent* in three particulars: (1) in agreeing, without their authority, to postpone the date for "closing" the Zidd contract; (2) in failing to prepare the "closing" documents in time for the "closing" date specified in the Zidd contract; and (3) in advising the Zidells to consummate the "stand-by" contract with Steen, thereby exposing them to liability on the Zidd contract, a liability upon which Zidd ultimately recovered judgment. In the present circumstances, any duty owed by Bird to the Zidells arises by virtue of the employment contract whereby they engaged his services.

■■■ A party contracting to supply services owes a common-law duty to perform the services with reasonable care, skill, expedience, and faithfulness. A negligent failure to do so may constitute a "tort" as well as a breach of contract. *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508 (1947). "Negligence" is the

doing of that which a person of ordinary prudence would not have done, or the omission to do what the hypothetical person would have done, in the same or similar circumstances. *Great Atlantic & Pacific Tea Co. v. Evans*, 142 Tex. 1, 175 S.W.2d 249 (1943).

■■■ An attorney, like any other individual, is answerable in tort for any negligent performance of his employment obligations. The attorney's negligence may consist in the giving of an erroneous legal opinion or advice, in failing to give any advice or opinion when legally obliged to do so, in disobeying a client's lawful instruction, in taking an action when not instructed by the client to do so, in delaying or failing to handle a matter entrusted to the attorney's care by the client, or in the attorney's want of ordinary care in preparing, managing, and presenting litigation that affects the client's interests.[1]

■■■ In the present case, it is undisputed that the two-year statute of limitations, Tex.Rev.Civ.Stat.Ann. art. 5526 (Supp. 1985), applies to the three instances of negligence alleged against Bird in the Zidells' petition, and elaborated upon in the summary-judgment record. If the Zidells' cause of action for negligence, based upon

---

1. Numerous Texas decisions expressly recognize a cause of action for various acts or omissions by a client's attorney which result in injury to the client's economic interest. The alleged negligence may consist of inaction or delay by the attorney. *Morgan v. Giddings*, 1 S.W. 369 (Tex. 1886); *Fox v. Jones*, 14 S.W. 1007 (Tex.Ct.App. 1889, no writ); *Ames v. Putz*, 495 S.W.2d 581 (Tex.Civ.App.1973, writ ref'd); *Debakey v. Staggs*, 605 S.W.2d 631 (Tex.Civ.App.1980), writ ref'd n.r.e., 612 S.W.2d 924 (Tex.1981); *Perkins v. Barrera*, 607 S.W.2d 3 (Tex.Civ.App.1980, no writ); *McClung v. Johnson*, 620 S.W.2d 644 (Tex. Civ.App.1981, writ ref'd n.r.e.). It has been uniformly held that where the client's cause of action has been lost by limitation, his cause of action against his attorney accrues on expiration of the last day when the bar could have been avoided by the timely filing of suit. *Ames v. Putz, supra; Fox v. Jones, supra; McClung v. Johnson, supra.* The negligence may consist of an attorney's erroneous advice or opinion, or in his failure to inform. *Smith v. Knight*, 608 S.W.2d 165 (Tex.1980); *Morales v. Cline*, 202 S.W. 754 (Tex.Civ.App.1918, writ dism'd); *Rice*

*v. Forestier*, 415 S.W.2d 711 (Tex.Civ.App.1967, writ ref'd n.r.e.); *Yarbrough v. Cooper*, 559 S.W.2d 917 (Tex.Civ.App.1977, writ ref'd n.r.e.); *Pack v. Taylor*, 584 S.W.2d 484 (Tex.Civ.App. 1979, writ ref'd n.r.e.). In *Pack v. Taylor, supra*, the suit was founded upon the attorney's advice that the client's execution of a release would not impair his personal-injury claim, the court holding that his cause of action against the attorney accrued on his execution of the release. The negligence may consist in various aspects of the attorney's work in preparing, managing, and presenting the client's case in litigation. *Kruegel v. Porter*, 106 Tex. 29, 155 S.W. 174 (1913); *Patterson & Wallace v. Frazer*, 79 S.W. 1077 (Tex.Civ.App.1904, no writ). Finally, legal malpractice has been recognized in the attorney's failure to obey his client's instruction to sue before limitations barred his claim on a note, *Crawford v. Davis*, 148 S.W.2d 905 (Tex.Civ.App. 1941, no writ), and in the attorney's taking an action not authorized by his client, as in agreeing to entry of a judgment against the client without the client's consent. *Montfort v. Jeter*, 567 S.W.2d 498 (Tex.1978).

any of the three allegations, *accrued* more than two years before the filing of their suit, their cause of action is barred, and the trial court did not err in its summary judgment to that effect. Determining when the Zidells' cause of action accrued is not, as we shall see, a matter free of difficulty.

## THE BASIC RULE FOR DETERMINING WHEN A CAUSE OF ACTION FOR NEGLIGENCE "ACCRUES"

The word "accrual" signifies the date when one having a right of action first becomes legally entitled to apply to a court for relief by a proceeding commenced therein; that is to say, it signifies the date when the plaintiff first becomes entitled to sue the defendant based upon a legal wrong attributed to the latter. In negligence cases generally, the basic rule is that a cause of action so "accrues" when the duty of ordinary care is breached by some act or omission on the defendant's part. *Blondeau v. Sommer,* 139 S.W.2d 223 (Tex.Civ.App.1940, writ ref'd). This basic rule ordinarily applies even if the plaintiff is not aware of his right of action; and, it is said, the basic rule applies "although *damage* was not sustained until after the commission of the tort." *Id.* at 224 (emphasis added). For the quoted language to have any meaning at all, it must intend that the basic rule applies even though an *injury* does not immediately attend the *act or omission* of which the plaintiff complains.

Against the theory of the basic rule—that a right of action accrues in the plaintiff with the defendant's breach of duty, although "damage" or an injury does not result until sometime later—one must consider the qualifying proposition that "[a]n action for negligence cannot be maintained unless *some* damage has resulted therefrom." *Johnson v. Sovereign Camp, W.O.W.,* 125 Tex. 329, 83 S.W.2d 605, 608 (1935) (emphasis added). The apparent contradiction is explained by the "legal injury rule."

## THE LEGAL INJURY RULE

In *Houston Water-Works Co. v. Kennedy,* 70 Tex. 233, 8 S.W. 36 (1888), the Court applied the "legal injury" rule to determine when a cause of action accrues in cases where the defendant's conduct is separated in time from the harm which it causes the plaintiff. The central idea of the rule is that the plaintiff's cause of action accrues when the defendant's conduct first becomes "unlawful" as to the plaintiff under the law applicable to the circumstances of the case. A few decisions illustrate the distinction:

1. *"Lawful acts," or conduct for which no immediate right of action is given by applicable law.* If, in the circumstances, the defendant's conduct will not form the basis of an immediate suit by the plaintiff for judicial relief, because no legally protected interest of the plaintiff has been invaded in consequence of the conduct, a cause of action will not accrue *until* that interest *has* been invaded or "injured." *Ft. Worth & D.C. Ry. Co. v. Speer,* 212 S.W. 762 (Tex.Civ.App.1919, no writ) (bridge across waterway on land below plaintiff's land erected lawfully, so that plaintiff's cause of action accrued with each instance when his land was flooded, due to heavy rains and gathering of debris at bridge trestles, and not when bridge constructed); *Town of Jacksonville v. McCracken,* 232 S.W. 294 (Tex.Comm.App.1921, judgment adopted) (septic tank lawfully constructed on defendant's land did not *necessarily* create a nuisance by reason of the *manner of its construction,* but only by reason of its negligent *use,* so that plaintiff's cause of action against defendant accrued when offensive effluent invaded plaintiff's adjoining land, and not when tank erected); *Baker v. City of Fort Worth,* 146 Tex. 600, 210 S.W.2d 564 (1948) (where bridge erected on adjoining land without invasion of plaintiff's rights or premises at time of construction, no legal injury resulted at that time and plaintiff's cause of action did not accrue until water diverted onto his land by reason of the bridge).

2. *"Unlawful acts," or conduct for which an immediate right of action does lie under applicable law.* If, in the circumstances of the case, the law affords an immediate remedy to redress harm to the plaintiff's legally protected interest, his cause of action accrues at the time of the conduct of which he complains, notwithstanding that the injury is not practically harmful at the time or that it is slight in comparison to what may develop subsequently. *Houston Water-Works Co. v. Kennedy, supra* (defendant's act in cutting arch which supported plaintiff's house constituted injury to plaintiff's legally protected interest in his property for which applicable law afforded immediate relief for the invasion, so that plaintiff's cause of action accrued with the cutting of the arch and not on subsequent settling and cracking of house); *Robertson v. Texas & N.O.R. Co.,* 122 S.W.2d 1098 (Tex.Civ.App.1939, writ ref'd) (very slight injury to plaintiff's back, sustained in fall in hole dug on employer's property, gave rise to immediate right of action, and plaintiff's cause of action did not accrue later when more serious injury to his back first became apparent); *Quinn v. Press,* 135 Tex. 60, 140 S.W.2d 438 (1940) (plaintiff, induced to make loan by fraudulent or negligent representations of her agent that the loan security was sufficient, had right to immediate legal remedy with the making of the loan so induced, or with discovery of the fraud, so that her cause of action accrued then and not when she foreclosed the lien to discover that the security was inadequate); *Stillwell v. City of Fort Worth,* 140 Tex. 560, 169 S.W.2d 486 (1943) (where defendant dug trench across plaintiff's land without permission, and such was unlawful as a trespass under plaintiff's own allegations, he had an immediate right to a legal remedy so that his cause of

action accrued with the defendant's act and not when consequential injury to the plaintiff's land resulted from flooding); *Tennessee Gas Transmission Co. v. Fromme,* 153 Tex. 352, 269 S.W.2d 336 (1954) (where plaintiff alleged that the defendant negligently permitted contaminated water to flow from its land onto hers, causing injury to her land and improvements, her cause of action accrued with the first physical invasion of her land which was necessarily injurious, so that she was entitled then to immediate legal relief, and did not first accrue with subsequent invasions of a like kind).

The foregoing illustrate the general contours of the "legal injury" rule: If the defendant's conduct results in an invasion of the plaintiff's legally protected interest, so that he may obtain an immediate remedy in court, his right of action "accrues" with the invasion, provided some legally cognizable injury however slight, has resulted from the invasion or would necessarily do so. The defendant's conduct is in such case, categorized as "unlawful." Conversely, if no right of redress exists by reason of the defendant's conduct, because no legally protected interest of the plaintiff has been invaded at the time of the conduct complained of, the defendant's conduct is categorized as "lawful" and any cause of action based thereon does not accrue until some invasion of the legally protected interest does occur. The distinctions to be drawn seem fine indeed and the decisions are not easy to reconcile. *Cf. Tennessee Gas Transmission Co. v. Fromme, supra;* and *Town of Jacksonville v. McCracken, supra, Quinn v. Press, supra,* and *Jim Walter Homes, Inc. v. Castillo,* 616 S.W.2d 630 (Tex.Civ.App.1981, no writ).[2]

---

**2.** The "legal injury" rule may have been altered somewhat in *Atkins v. Crosland,* 417 S.W.2d 150 (Tex.1967). There it was restated that a legal injury must occur before a cause of action will accrue; that is, it will not accrue *until* the plaintiff has suffered an invasion of a legally protected interest. But, if the applicable law provides an immediate right to a court-awarded remedy, the plaintiff's cause of action accrues with the defendant's breach of duty "notwithstanding the

fact that the damages, or their extent, are not ascertainable until a later date." *Id.* at 153. Similarly, it remains the rule that where the applicable law does *not* provide an immediate right to such a remedy, because no legally protected interest has been invaded in contemplation of the law, the plaintiff's cause of action does not accrue until such an invasion does occur, even though subsequent to the conduct alleged to be a breach of duty. The alteration

Commencing with the Supreme Court's opinion in *Atkins v. Crosland*, 417 S.W.2d 150 (Tex.1967), we find the "legal injury" rule has been applied in various factual circumstances. A familiar analytical *assumption* in such cases is that the defendant's act was or was not originally "unlawful," with no explanation being given of how that assumption was justified under applicable law. The common ground in these cases is, however, that the plaintiff's cause of action did not accrue until a specific event, occurring subsequent to the date of the defendant's conduct and caused thereby, made it apparent that some legally protected interest in the plaintiff had indeed been exposed to a specific and concrete risk of harm which had theretofore remained only a logically possible consequence of the defendant's conduct. *See Atkins v. Crosland, supra* (client's cause of action for negligence of accountant in choice of accounting method did not accrue until deficiency assessment issued by Internal Revenue Service); *Philips v. Giles*, 620 S.W.2d 750 (Tex.Civ.App.1981, no writ) (client's suit against attorney for negligent tax advice would not accrue until deficiency assessment issued by Internal Revenue Service, notwithstanding that client has been advised by her accountant that promissory note received by client legally constituted "income," contrary to attorney's advice in suggesting that client accept the note in settlement of property dispute); *Jim Walter Homes, Inc. v. Castillo, supra* (statutory cause of action, based on breach of contract representation that house purchased by plaintiff was built in good and workmanlike manner, accrued when plaintiff discovered structural defects in house which demonstrated falsity of representation); *Cox v. Rosser*, 579 S.W.2d 73 (Tex. Civ.App.1979, writ ref'd n.r.e.) (client's suit against attorney for negligence, in failing to include in client's conveyance of land an

express lien securing grantee's obligation to client, accrued when client's implied lien was subordinated by operation of law on recordation of a third party's express lien); *Hastings v. Royal-Globe Insurance Companies*, 521 S.W.2d 869 (Tex.Civ.App.1975, no writ) (employee's cause of action against liability insurer, for failing to defend employee under employer's liability policy, accrued when personal-injury suit was filed against employee by injured party); *Green v. Helmcamp Insurance Agency*, 499 S.W.2d 730 (Tex.Civ.App.1973, writ ref'd n.r.e.) (plaintiff's claim against insurance agency for failing to procure for plaintiff a liability-insurance policy accrued when final judgment rendered against plaintiff in personal-injury suit by injured party); *Attwell v. Browning*, 475 S.W.2d 360 (Tex.Civ.App. 1972, writ dism'd) (plaintiff's cause of action against joint-venture partner, for partner's contracting to sell property to buyer not procured by plaintiff, in violation of joint-venture contract, accrued on partner's making of the contract with purchaser, for this repudiated the relevant term of the joint-venture contract).

Also to be included within the idea of an event arising after the conduct complained of, to first expose the plaintiff's legally protected interest to some specific and concrete risk of harm caused by that conduct, are the following decisions: *McClung v. Johnson*, 620 S.W.2d 644 (Tex.Civ.App. 1981, writ ref'd n.r.e.); *Anderson v. Sneed*, 615 S.W.2d 898 (Tex.Civ.App.1981, opinion overruling motion for rehearing, 618 S.W.2d 388, no writ); *Pack v. Taylor*, 584 S.W.2d 484 (Tex.Civ.App.1979, writ ref'd n.r.e.); *Lyles v. Johnson*, 585 S.W.2d 778 (Tex.Civ.App.1979, writ ref'd n.r.e.). In *McClung* and *Anderson*, the court held in each case that the plaintiff's cause of action, based upon an attorney's negligence in failing timely to file the plaintiff's law-

---

of the traditional rule lies, however, in the idea that the plaintiff's cause of action accrues "when, and only when, the damages are sustained; and this is true although at the time the act is done *it is apparent that injury will inevitably result*" (emphasis added). The emphasized portion of the foregoing sentence seems some-

what contrary to the statement in *Town of Jacksonville v. McCracken, supra*, to the effect that the plaintiff's cause of action, based upon defendant's conduct on his own land, accrues with the first invasion of the plaintiff's land that is *necessarily* injurious. The distinction is unimportant, however, in the present case.

suit, accrued with expiration of the last day the suit could have been filed without raising the legal possibility that it would be barred by limitations, and not when the suit was actually dismissed because of the bar. And, in *Pack*, it was held that a client's suit for negligent advice given by his attorney (to the effect that the client's claim would not be impaired by his execution of a release of liability) accrued with execution of the release by the client and not when his suit was subsequently dismissed based upon the release. Finally, in *Lyles*, the court held that the plaintiff's cause of action for fraudulent inducement, by reason of which he parted with his title to land, accrued when his conveyance was made and not when title to the land was subsequently affirmed in a remote grantee in the plaintiff's trespass-to-try-title action.

 It is readily apparent from such decisions that harm to the plaintiff's legally protected interest, by reason of the defendant's earlier conduct, need not be finally established or an inevitable consequence of the conduct. Rather, the specific and concrete event which follows the defendant's conduct need raise only a *risk* of harm to that interest. For example, the deficiency assessment issued by the Internal Revenue Service in *Crosland*, and the government's claim evidenced thereby, might not have been sustained on administrative and judicial review; and, in the *Giles* case, indeed, it had not even been issued and might never have been issued to this date. Or a defendant might not plead limitations as a bar to the plaintiff's cause of action, filed by the latter's attorney outside the period of limitations, or the plea of limitations might not be sustained for a variety of reasons. And in *Lyles*, for a further example, the plaintiff might have prevailed on the merits in his trespass-to-try-title action.

 In contrast, however, it was held in *Linkenhoger v. American Fidelity & Casualty Co.*, 152 Tex. 534, 260 S.W.2d 884 (1953), that a cause of action under the *Stowers* doctrine did not accrue until rendition of a final judgment against the insured, in excess of policy limits; that is, the plaintiff's cause of action did not accrue at the time of his insurer's negligent conduct in failing to settle and compromise within policy limits the suit against the insured. But the obvious distinction here is that the rendition of such a final judgment, against the insured and in excess of policy limits, is an essential element of the insured's cause of action under the *Stowers* doctrine. *G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex.Comm. App.1929, holding approved); Dye, *Insurer's Liability for Judgments Exceeding Policy Limits*, 38 Tex.L.Rev. 233 (1959). This distinguishing factor is not present, however, in *Green v. Helmcamp Insurance Agency, supra*, and we conclude the decision in that case is contrary to *Atkins v. Crosland, supra*, in that *Helmcamp* necessarily rejects the theory that injury need not be inevitable. But in *Crosland*, it is plain that the *risk* of harm "was the factor essential to consummate the wrong—only then was the tort complained of completed." *Atkins v. Crosland, supra*, at 153. This necessarily follows from the proposition that the deficiency assessment did *not* represent inevitable injury to the plaintiff, for the assessment might not have been sustained after administrative and judicial adjudication; rather, the assessment manifested only a specific and concrete risk of injury to the plaintiff-taxpayer's legally protected economic interest. *See* Note, *Limitation of Actions*, 46 Tex.L.Rev. 119 (1967) (specifically pointing out this proposition). Consequently, we must reject the Zidells' contention that their cause of action against Bird, based upon his alleged negligence, accrued only when Zidd recovered judgment against the Zidells.

· With these principles and decisions in mind, we turn to an analysis of when the Zidells' cause of action against Bird did accrue under the "legal injury" rule, having in mind the three kinds of conduct alleged by the Zidells to have been negligent.

## ACCRUAL OF THE ZIDELLS' CAUSE OF ACTION FOR NEGLIGENCE

 In reference to the Zidells' allegation that Bird exceeded his authority when

he obtained an extension of time for consummation of the Zidd contract, beyond the "closing" date specified in the Zidd contract, we hold Bird's conduct to have been unlawful under the Zidells' own allegations. *Stillwell v. City of Fort Worth, supra.* Hence, a cause of action for "negligence" accrued simultaneously with Bird's alleged breach of his employment contract, which constituted, under the Zidells' allegations, a legal injury to their contract right of timely performance, if it constituted an injury at all. (It would appear rather that the Zidells were, in legal contemplation simply not bound by Bird's unauthorized act, if they so elected.)

■ In reference to the Zidells' allegation that Bird was negligent in failing to have prepared the documents necessary to consummate the Zidd contract, by the date specified therein for "closing," we hold the Zidells' cause of action accrued on the "closing" date so specified. *McClung v. Johnson, supra; Anderson v. Sneed, supra; Pack v. Taylor, supra.* That is to say, a cause of action for negligence accrued simultaneously with the expiration of the last day when Bird could have performed his employment contract in a timely fashion or without negligence. Stated otherwise, Bird owed a contract duty to the Zidells to prepare the "closing" documents in time for them to be tendered by the Zidells in consummation of their contract with Zidd. Conversely, the Zidells had a contract right to Bird's timely performance of that obligation. When, as the Zidells allege, Bird failed to furnish the documents by the date required, he repudiated his employment obligation to do so, at which time his conduct became "unlawful" and injurious to the Zidells' contract right to timely performance, irrespective of whether Zidd might eventually assert any claim against the Zidells.

■ The Zidells' final allegation, to the effect that Bird negligently advised them to consummate the Steen contract, is an allegation of negligence that accrued in our view, at the latest, when the Zidells conveyed the property to Steen under his "standby contract." The effect of their conveyance to Steen was to repudiate the Zidd contract and to fix the Zidells' legal relation to the property in such a way that they were thereafter disabled from performing the Zidd contract if called upon to do so. The Zidells' cause of action against Bird, for his allegedly negligent advice, therefore accrued when they acted on that advice, irrevocably fixing their legal position in regard to the property and their contract with Zidd. *Attwell v. Browning, supra; Pack v. Taylor, supra; Cox v. Rosser, supra.*

Each of the events described above, as being the time when the Zidells' cause of action accrued, occurred under the undisputed facts well before the two years allowed for the bringing of the cause of action alleged against Bird.

## THE ZIDELLS' REMAINING CONTENTIONS

■ The Zidells' assert that, even if their cause of action accrued more than two years before the institution of this suit, a "fact issue" was raised as to whether Bird fraudulently concealed his negligent conduct, thus tolling the statute of limitations. *Owen v. King,* 130 Tex. 614, 111 S.W.2d 695 (1938). The Zidells have not, however, invited our attention to any part of the summary-judgment record which raises this issue. Our own inspection of the affidavits reveals no conduct by Bird which might have prevented the Zidells from learning of their cause of action. *City of Vernon v. Low,* 158 S.W.2d 857 (Tex.Civ.App.1942, no writ). And even were it argued that Bird was under an affirmative duty to disclose his alleged extension of the "closing" date in the Zidd contract, thus tolling the statute, we would hold that the statute was tolled only until the Zidells' independent discovery of Bird's unauthorized act. *Texas Harvester Co. v. Wilson-Whaley Co.,* 210 S.W. 574 (Tex.Civ. App.1919, writ ref'd). It is undisputed that the Zidells were informed of this act at the deposition of Travis Phillips taken on March 22, 1979, more than two years before suit was filed. The Zidells admit hav-

ing heard, at that time, Phillips' testimony that Don Bird made the statements forming the basis of the Zidells' present contention.

Finally, the Zidells contend that the "discovery rule" should apply to this case, as it does in other cases of professional negligence, such as medical malpractice. However, we need not address this issue. The only allegation to which the discovery rule might arguably apply is the Zidells' contention that Bird extended the closing date on the Zidd contract without authority to do so. As noted above, the Zidells' cause of action on this allegation accrued when the act was committed sometime in the latter part of 1978. Even assuming the statute was tolled until discovery, it is undisputed that the Zidells learned of the alleged act on March 22, 1979, over three years before the institution of this suit on October 7, 1982, as pointed out above. We overrule the Zidells' contention.

We overrule all of the Zidells' points of error discussed above; and because of our disposition of these points of error, it is unnecessary to address their remaining points.

The judgment of the trial court is affirmed.