Affirmed and Memorandum Opinion filed January 13, 2004









Affirmed
and Memorandum Opinion filed January 13, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00742-CV

____________

 

JEFFREY BALAWAJDER, JOHN
GARDNER, and RONALD BLANCO,
Appellants

 

V.

 

GARY JOHNSON, WAYNE SCOTT,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION, STATE OF TEXAS,
and SMITH CORONA CORPORATION,
Appellees

 



 

On Appeal from the 278th
Judicial District

Walker County, Texas

Trial Court Cause No. 20,711-C

 



 

M E M O R A N D U M  
O P I N I O N

Appellants, Balawajder, Gardner,
and Blanco, are inmates of the Texas Department of Criminal Justice
Institutional Division (ATDCJID@).  In 1996, the TDCJID issued an inter-office
communication prohibiting the repair of word processors with memory
capabilities.  Appellants filed a
petition alleging seventeen causes of action against the TDCJID, two employees
of the TDCJID, and the Smith Corona Corporation.  The trial court granted appellees= motion for summary
judgment.  We affirm.








FACTUAL AND PROCEDURAL BACKGROUND

Appellants each purchased a Smith Corona memory word
processor to use while incarcerated. 
Because many of these word processors required repair, the TDCJID issued
an inter-office communication effective February 1, 1996.  The communication informed the inmates that
the TDCJID would cease selling these specific word processors.  Not only would the TDCJID no longer sell
memory word processors, but also if an inmate owned one that required repair,
the inmate must choose to send the word processor home at his or her own
expense or to have it destroyed by the TDCJID. 
In 1999, when appellants needed their memory word processors repaired,
the TDCJID refused to grant permission and reminded appellants of the
inter-office communication.  

Appellants then brought seventeen different causes of action
against the TDCJID, Smith Corona, and two employees of the TDCJID.[1]  The defendants moved for summary judgment,
and the trial court granted their motion.

DISCUSSION

Appellants raise eighteen issues on appeal.[2]  First, appellants argue that the trial court
failed to specify a date for the summary judgment motion.  Second, appellants argue the trial court
improperly granted the summary judgment motion for four reasons.  Next, combined in numerous issues, appellants
argue the trial court improperly granted summary judgment on specific tort
claims.  Appellants also raise two sets
of fraud claims, and argue they raised a factual dispute regarding the
Magnusson-Moss Warranty Act.  Finally,
appellants complain the trial court erred in granting summary judgment on their
two 42 U.S.C. ' 1983 claims.

 








I.        Summary
Judgment Hearing Date

First, appellants argue the trial court erred by failing to
specify a date for the summary judgment hearing.  The Texas Supreme Court has held that a trial
court must give notice of the submission date for a summary judgment motion,
because this date determines the nonmovant=s response date.  Martin v. Martin, Martin & Richards,
Inc., 989 S.W.2d 357, 359 (Tex. 1998). 
As we set out below, the trial court gave a specific date for the
summary judgment hearing.

Appellants requested the hearing on the summary judgment
evidence to be held on the same date as the hearing on discovery motions.  Due to the extended time the case had been
pending, the trial court tried to accommodate appellants by both accelerating
the case, yet giving appellants adequate time to prepare.  Appellants were to have a response prepared
by February 15, 2001.  The trial court
then gave appellants more time and allowed them to choose between the 22nd of
February or the 1st of March for the submission and hearing date.  One appellant stated he would Arather have the 1st of March@ for the hearing date.  The trial court agreed to the extension and
even stated Aif you=re running a day or two late, I
won=t start until I get something
from you; how is that?@  Appellees then
filed their summary judgment motion on February 28, 2001.  So, on March 15, 2001, appellants filed a
partial response and asked for a continuance on the summary judgment hearing,
and then supplemented their response on March 21, 2001.  The trial court heard the summary judgment
motion on March 23, 2001, and it entered the order granting appellees= motion on April 12, 2001.  








Here, the trial court clearly set the hearing date on the
motion for summary judgment on March 1, 2001. 
In fact, the trial court did not consider the motion and the responses
until March 23, 2001, and did not rule until April.  This gave the trial court ample opportunity
to consider all of appellants= responses before making its
ruling.  Furthermore, appellants have not
shown this Court any harm even if the trial court did not give adequate notice
of the hearing.  See Martin, 989
S.W.2d at 359.  Had there been a lack of
notice, the trial court rendered the error harmless by considering all of
appellants= responses to the summary
judgment.  We overrule appellants= first issue.

II.       Granting the
Summary Judgment

Next, appellants argue the trial court improperly granted
summary judgment regarding four of their claims.  Appellants argue theyraised
a genuine issue of material fact regarding (1) retroactive law, (2) impairment
of contracts, (3) deprivation of property, and (4) curtailment of the
press.  Summary judgment is proper only
when the movant has established no genuine issue of
material fact, and the movant is entitled to judgment
as a matter of law.  Nixon v. Mr.
Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  When a summary judgment order does not
specify what grounds the trial court relied upon for its ruling, this Court
will affirm the summary judgment if any one of the theories advanced is
meritorious.  Carr v. Brasher, 776
S.W.2d 567, 569 (Tex. 1989).  Appellees correctly argue no genuine issue of material fact
exists, and the trial court properly granted summary judgment.








First, appellants argue the inter-office communication is a
retroactive law that violates the Texas and United States Constitutions.  An essential element of a retroactive law is
that it takes away or impairs a vested right acquired under law.  Houston Indep. Sch. Dist. v. Houston Chronicle Publ=g. Co., 798 S.W.2d 580, 589 (Tex.
App.CHouston [1st Dist.] 1990, writ
denied); Ex parte Kubas,
83 S.W.3d 366, 369B70 (Tex. App.CCorpus Christi 2002, pet. ref=d).  Here, appellants do not have a vested right
protected by law to a word processor.  A[D]ue
process requires that prisoners have access to paper, pens, notarial
services, stamps, and adequate library facilities[;] . . . there is >. . . no constitutional right
to a typewriter as an incident to the right of access to the courts.=@  Taylor v. Coughlin, 29 F.3d 39, 40
(2nd Cir. 1994).  The Taylor court
went on to add that, because prisoners do not enjoy a constitutional right to
typewriters, it would be illogical for prisoners to have a constitutional right
to typewriters with a memory capacity.  Id.  Because appellants do not have a vested right
to a typewriter,  appellants were not
affected by a retroactive law.[3]  The trial court correctly granted appellees= summary judgment motion
regarding this issue.

Second, appellants argue the inter-office communication
impaired the obligations of contract between appellants and appellees.  AAn obligation is impaired when
a statute is enacted that releases a part of this obligation or to any extent
or degree amounts to a material change or modifies it.@  Price Pfister,
Inc. v. Moore & Kimmey, Inc., 48 S.W.3d 341,
356 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied).  Appellants did not raise any
genuine issue of material fact that the TDCJID altered any existing contract
between appellants and appellees.  The inter-office communication, which was not
implemented by legislation, did not interfere with the underlying requirements
of any contract.  Appellants were still
required to fully pay for the word processor, and Smith Corona was still
obligated to uphold any applicable warranties. 
Appellants have not shown the inter-office communication impaired any
contractual obligations.

Third, appellants argue the inter-office communication
deprived them of a constitutionally protected property interest without due
process of law.  A protected property
interest is defined as an Aindividual entitlement grounded
in state law, which cannot be removed except for cause.@  Jackson v. Houston Indep.
Sch. Dist., 994 S.W.2d 396, 399 (Tex. App.CHouston [14th Dist.] 1999, no
writ).  We previously explained that
appellants do not have a right to a word processor under state law.  Therefore, the trial court did not err in
granting appellees= summary judgment motion on
this issue.








Finally, appellants claim the inter-office communication
violated their right to freedom of the press. 
However, appellants presented no genuine issue of material fact on this
point.  The TDCJID did not censor, nor
threaten to censor, the content of communications made by appellants.  See Sands v. Lewis, 886 F.2d 1166,
1172 (9th Cir. 1989) (addressing this exact issue of whether confiscation of
memory typewriters violates an inmate=s first amendment rights).  Appellants have the opportunity to use or to
purchase other word processors, and appellants can always submit motions or
documents to the court by hand. 
Therefore, the trial court did not err in granting appellees= motion for summary judgment on
these four issues.

III.      Statute of
Limitations

Next, appellants complain that the trail court improperly
granted appellees= motion for summary judgment on
twelve causes of action contained in their original petition.  Appellees argue
these causes of action were barred by statute of limitations.  We agree, and uphold the trial court=s granting of the motion for
summary judgment.

Defendants seeking summary judgment on the ground of statute
of limitations must (1) prove when the cause of action accrued and (2) negate
the discovery rule by proving, as a matter of law, no genuine issue of fact exists
when the plaintiff discovered or should have discovered the nature of the
injury.  Burns v. Thomas, 786
S.W.2d 266, 267 (Tex. 1990).  Fields
v. City of Tex. City, 864 S.W.2d 66, 68B69 (Tex. App.CHouston [14th Dist.] 1993, writ
denied).  After the defendant establishes
that the statute of limitations bars the action as a matter of law, the
plaintiffs, to avoid the statute of limitations, must then establish summary
judgment proof that raises a fact issue. 
KPMG Peat Marwick v. Harrison County Hous.
Fin.  Corp., 988 S.W.2d 746, 748
(Tex. 1999).

The general rule is that a cause of action accrues when a
wrongful act causes some legal injury, even when the fact of injury is not discovered
until later, and even if all of the resulting damages have not yet
occurred.  S.V. v. R.V., 933
S.W.2d 1, 4 (Tex. 1996).  The Alegal injury@ rule helps determine when a
cause of action accrues in a case in which the defendant=s conduct and the plaintiff=s injury are separated in
time.  See Houston Water-Works Co. v.
Kennedy, 70 Tex. 233, 8 S.W. 36 (1888). 
AThe central idea of the rule is
that the plaintiff=s cause of action accrues when
the defendant=s conduct first becomes >unlawful= as to the plaintiff under the
law applicable to the circumstances of the case.@  Zidell v.
Bird, 692 S.W.2d 550, 554 (Tex. App.CDallas 1985, no writ).








Appellees assert the accrual date
triggering the statute of limitations was February 1, 1996.[4]  On that date, the TDCJID  implemented an inter-office communication
stating that word processors with memory capabilities would no longer be
available in the commissaries.  The
communication further stated that Aas those machines break down
they will no longer be repaired and it will be up to the inmate/confinee as to whether the equipment is sent home at
his/her expense or destroyed.@  Appellants argue the appropriate accrual date
was Ain 1999," when the TDCJID
denied appellants the opportunity to have their memory word processors
repaired.  Appellants filed their
petition in January 25, 2000.  

The accrual date for appellants= claims was February 1,
1996.  On that date, appellants first had
notice that any rights they may have had were in jeopardy, and on that date,
the statute of limitations began running for their claims.  See id. at 556.  Assuming that appellants= claims were legally protected
property interestsCwhich we have not heldCtheir interests were exposed to
a specific and concrete risk of harm when the TDCJID issued the inter-office
communication.  The inevitable
consequence of the conduct occurred in 1999 when the TDCJID implemented the inter-office
communication against appellants and refused appellants the privilege of having
their word processors repaired.  See
id. 

Appellants raise many claims that have a two-year statute of
limitations: tortious interference with a contract;
breach of implied contract; negligence; and misrepresentation, confusion and
failure to disclose, and express and implied warranties under the Deceptive
Trade Practices Act.  Tex. Civ. Prac. & Rem. Code ' 16.003; Tex. Bus. & Com. Code ' 17.565.  All of these claims accrued at the time of
injury, February 1, 1996, and are now barred by the statute of
limitations.  The trial court did not err
when granting appellees= summary judgment motion on these
two-year claims.








Appellants also filed some claims that have a four-year
statute of limitations.  Against Smith
Corona they brought breach of implied warranty of a particular purpose, breach
of implied warranty of merchantability, and breach of express warranty
claims.  Tex. Bus. & Com. Code ' 2.725(a).  Appellants also brought a breach of warranty
claim against the TDCJID.  The
limitations period for all breach of warranty claims under the Texas Uniform
Commercial Code is four years.  Id.
(stating A[a]n action for breach of any
contract for sale must be commenced within four years after the cause of action
has accrued@).  Regarding breach of warranty claims, the
statute of limitations begins to run when the item in question is
delivered.  Id. ' 2.725(b).  Here, Balawajder
received his word processor in 1995, Gardner in 1993, and Blanco in 1994.  Since the breach of warranty claims stem from
the date appellants received their word processors, the statute of limitations
had expired by the time each appellant filed their claim in 2000.  The latest one of the appellants could have
made a claim was in 1999 by Balawajder.  The trial court did not err in granting the
summary judgment motion regarding these claims.

IV.      Fraud Claims

Combined in their tort claims issues, appellants complain
Smith Corona and the TDCJID committed fraud against appellants.  Appellants allege that Smith Corona concealed
the fact it was going to cease manufacturing the memory word processors and
that the TDCJID concealed the fact it intended to prohibit the use of memory
word processors.  

Generally, a fraud action is deception as to an existing
fact.  Southwestern Bell Tel. Co. v. Meader Constr. Co., 574
S.W.2d 839, 843 (Tex. Civ. App.CEl Paso 1978, writ ref=d n.r.e.).  The elements of fraud include the following:
(1) a material representation, (2) that is false, (3) that the speaker knew was
false when made, (4) that he made with the intention that it be acted upon by
the other party (5) that the party acted in reliance on it, and (6) damages. T.O.
Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 222 (Tex. 1992).  Appellants have not shown a genuine issue of
material fact regarding any of these six elements.  Besides blatant conjectures and blind
supposition, appellants have not pointed to specific statements by Smith Corona
or the TDCJID that indicate fraud.  We
overrule appellants= two issues, and uphold the
summary judgment motion.








IV.      Magnusson-Moss
Warranty Act

Next, appellants raise a Magnusson-Moss Warranty claim
against Smith Corona.  This federal act
generally applies to written warranties covering consumer products, with the
purpose of protecting consumer=s rights regarding warranty
regulations.  See 15 U.S.C.A. ' 2301 (1998); In re Van Blarcum, 19 S.W.3d 484, 493 (Tex. App.CCorpus Christi 2000, pet.
denied).  Appellants did not present any
evidence that Smith Corona failed or refused to provide warranty service to
appellants during the applicable warranty period.  Therefore, the trial court did not err in
granting appellees= summary judgment motion, and
we overrule appellants= issue.

V.      42 U.S.C. ' 1983 Claims

Finally, appellants raised 42 U.S.C. ' 1983 (1994 & Supp. 2003)
claims against two employees of the TDCJID. 
Section 1983 provides a remedy when any person acting under color of
state law deprives another of rights, privileges, or immunities protected by
the United States Constitution.  42 U.S.C.
' 1983.  The trial court granted appellees= motion for summary judgment on
these two claims as well.

A trial court Amust first determine whether
plaintiff has been deprived of right, privilege, or immunity protected by
federal law.@  Thomas v. Collins, 960 S.W.2d 106, 109
(Tex. App.CHouston [1st. Dist.] 1997, writ
denied).  Second, if this inquiry is
answered in the affirmative, the court then determines whether the Adefendant is responsible for
that violation.@  Id. 
Finally, the court will consider whether the defendant is entitled
to immunity.  Id.  








Here, appellants did not meet the first prong of the
test.  See id.  Appellants could not show that they were
deprived of a right protected by federal law. 
As we previously stated, Adue process requires that
prisoners have access to paper, pens, notarial
services, stamps, and adequate library facilities, . . . there is >. . . no constitutional right
to a typewriter as an incident to the right of access to the courts.=@  Taylor, 29 F.3d at 40.  Therefore, because appellants could not
establish they were deprived of a particular right, they could not establish a
section 1983 claim.  The trial court did not
err in granting appellees= motion for summary judgment on
these last two issues.

In conclusion, we overrule all of appellants= issues and affirm the trial
court=s granting of the summary
judgment.

 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion January 13, 2004.

Panel
consists of Chief Justice Hedges and Justices Fowler and Edelman.











[1]  We note that
appellants= briefs, as well as all other documents and motions to
the trial court, are typed, showing appellants did have access to a typewriterCthough possibly one lacking memory capability.





[2]  Appellants= brief only includes two issues that were further
broken down into eighteen separate points.





[3]  We do not
address whether the inter-office communication is a law or a statute, which
also is required for a retroactive law.





[4]  The TDCJID
distributed the inter-office communication on January 23, 1996, but it was not effective
until the first of February.